### STATE v. GREEN.

1. Conspirators—Evidence.—After a conspiracy is ended by the accomplishment of the common enterprise, the declarations of one of the conspirators is not evidence against the others.

2. Opinion–Evidence.—A witness may describe a foot track found leading away from the place of the crime, but he should not be permitted to express an opinion as to whose track it was.

Before WALLACE, J., Laurens, July, 1893.

This was an indictment against Charles Green, George Bowers, and Wade Cannon for the burning of a dwelling house in the night time of July 11, 1893. All three were convicted, and Charles Green appealed. A witness on the stand was permitted to prove confessions of George Bowers, after the fire, implicating Green, the judge saying that his testimony would not be evidence against the others unless a conspiracy was established, in which case what one says is the testimony of all.

The grounds of appeal were as follows: 1. Because his honor erred in refusing to charge the jury that if they believed that any confessions introduced in evidence were not made freely and voluntarily, without any inducement or circumstances inciting hope of favor in the mind of the accused, or without any threat or violence producing confusion or fear of punishment in the mind of the accused, they must not take such evidence into consideration. 2. Because his honor erred in charging the jury that whether the confessions of George Bowers and Cannon were admissible in evidence, was a question for the court and not for the jury, and after it goes to the jury they are not to consider the question of its admissibility, but whether or not they believe it, and its force and effect. 3. That his honor erred in allowing State's witness, D. H. A. Mason, to make prejudicial remarks on the witness stand not connected with the case, and calculated to inflame the minds of the jurors against the prisoners. 4. Because his honor erred in allowing State's witness, D. H. A. Mason, to give his opinion as to when Charlie Green ought to have been hung, and also to name special instances of his bad

conduct. 5. Because his honor erred in allowing State's witness, T. L. Johnson, to give his opinion that a certain track found in the field was that of the defendant, Charley Green. 6. Because his honor erred in ruling that if a conspiracy was established, the confession of one codefendant is the testimony of all. 7. [Abandoned.] 8. Because his honor erred in charging the jury that in order to constitute guilt in a felony, it is not necessary that all the parties charged should actually participate in the act which of itself constitutes the offence. If they are present, knowing of, aiding, abetting, concurring, inciting, participating in in any way, they are all in felonies upon an equal footing, they are all principal felons. 9. Because his honor erred in stating to the jury that "It is proven here and admitted that the house was set fire to in the night time and consumed by others than the owner thereof." 10. Because his honor erred in admitting in evidence the confessions of George Bowers and Wade Cannon.

*Mr. J. W. Nash,* for appellant.

*Mr. Schumpert,* solicitor, contra.

February 13, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The appellant was tried and convicted of the crime of arson at the July term, 1893, of the Court of General Sessions for Laurens County, and after having been duly sentenced, has appealed therefrom. His grounds of appeal, ten in number, will be set out in the report of the case, and hence will not be reproduced here. After a careful examination of these suggestions of error, we find that two are well taken, thereby necessitating a new trial in the court below.

The first of these is raised by an exception at the trial to the competency of the confessions of two defendants, of whom the appellant was not one, made after the crime had been fully consummated, to affect the accused, who was not a party to such confession, on the alleged ground, as ruled by the Circuit Judge, "that if a conspiracy is established, what one says is the testimony of all." Such is not the rule of law. The Circuit Judge for the moment overlooked

the marked distinction between the acts and declarations of parties to a conspiracy before the object is actually reached, on the one side, and the acts or declarations of any party to such conspiracy made after the object of the conspiracy is reached, on the other side. There is no doubt but that when persons have banded themselves together to accomplish some crime, every word or act of each conspirator, in furtherance of such accomplishment of the crime, binds every other of such conspirators. But it is equally true that when once a conspiracy is ended, no such ligament binds each coconspirator so that a confession of any one or more of such coconspirators binds all who conspired. The confession binds him who makes it, but not his fellow-conspirators. *State* v. *Dodson*, 14 S. C., 628; *State* v. *Brown*, 34 *Id.*, 46; 1 Greenl. Ev., § 333.

The next error below consisted in allowing Mr. Thomas L. Johnson, a witness for the State, to give his opinion that a track in dispute was made by the accused, Charles Green, against the objection of his counsel. The witness was evidently intelligent and conscientious. It was perfectly competent for him to trace minutely before the jury the peculiarities of the foot of the accused, and also how these peculiarities were reproduced in the track the witness saw. Beyond this, we fear, he ought not to have been required to go; we mean, in expressing his opinion that the track was made by Green. Such an inference should have been left to the jury. 1 Greenl. Ev., § 440; *State* v. *Senn*, 32 S. C., 400.

We do not deem it our duty, having been forced to the conclusion that a new trial must be had, to discuss the other alleged objections of the appellant, especially as we find no error there.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded, to the end that there may be a new trial of the defendant, Charles Green.

Mr. Justice McGowan concurred.

Mr. Justice McIver. I concur in the result only, as I am

not now prepared to commit myself upon the questions raised
by the first and second exceptions.