STATE v. FRANKS.

1. EVIDENCE—CRIMINAL LAW.—The circumstances attending the execution of an affidavit made by one defendant for purpose of obtaining bail cannot be inquired into by his codefendant. A defendant cannot testify in behalf of his codefendant.

2. IBID.—If error, it is harmless, to permit a witness to testify as to such contents of an affidavit, not in evidence, as the affiant on cross-examination had testified to.

3. IBID—PRACTICE—JURY—CIRCUIT JUDGE.—A trial Judge cannot strike out the testimony of a witness in which he has made conflicting statements as to the execution of an affidavit before him, without invading the province of the jury.

Before BUCHANAN, J., Laurens, July, 1897. Affirmed.

Indictment against T. B. Franks and Willie Franks for murder. Latter convicted and appeals.

*Messrs. Ferguson & Featherstone*, for appellant, cite: *Circumstances attending execution of affidavit may be explained:* 55 Cal., 185; 2 Rich. L., 177; 16 How. (U. S.), p. 42; 7 Car. & Payne, 789. *Contents of writing first shown by paper itself: Howell* v. *Reynolds*, 12 Ala.

*Solicitor T. S. Sease*, and *Messrs. Ball & Simkins*, contra, cite: *Error may be cured by afterwards permitting facts to come out:* 43 S. C., 91.

Feb. 12, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The defendants were indicted and tried for the murder of Mason Clark, before his Honor, Judge Buchanan, and a jury, at the July, 1897, term of the Court for Laurens County. The defendant, T. B. Franks, was acquitted, and the defendant, Willie Franks, was convicted of murder, with a recommendation to mercy. A motion was made for a new trial, but refused, whereupon Willie Franks was sentenced to the penitentiary for the term of his natural life.

He appealed upon exceptions, which will be considered in regular order, the first of which is as follows: 1. "Because it is respectfully submitted that the presiding Judge erred in not allowing C. C. Featherstone, a witness for the defense, to answer the following question asked him: Q. 'Look at that paper (presenting paper), what is that paper?'" The case shows that when the defendant, T. B. Franks, was sworn as a witness, the following took place upon his cross-examination by Mr. Schumpert, one the State's attorneys in the case, to wit: "Q. On the 16th of June, this year, when you applied for bail, didn't you swear before Judge Thompson that 'Clark came out in his shirt sleeves, with pants on, and a pistol in his front pants' pocket?' A. I don't remember that I did. Q. You swore that, then, before Mr. Thompson? A. Yes, I guess I did." Again: "Q. Didn't you swear, at the same time and place that I have just indicated, before Judge Thompson,

on your application for bail, as follows: 'As soon as Willie saw Clark, he seemed to grow angry, and asked Clark about the indecent proposition that he had made to his wife?' A. Yes."

The following is the entire testimony of Mr. C. C. Featherstone, to wit: "Q. Look at that paper (presenting paper), what is that paper? Mr. Schumpert: I object to this witness testifying anything with reference to that paper, on the ground that it was not sworn to before him, and that is the highest evidence; he can not explain anything *aliunde*, except what appears in the paper. Q. Who drafted that paper? Mr. Schumpert: I object to that. That is a paper which speaks for itself, and it is the affidavit, sworn statement, of one of these defendants, and it don't make any difference who drew it. The Court: My idea about that is just this: He cannot state anything that is in the paper; the paper is, indeed, the highest evidence of what is in it, upon the points upon which they have been cross-examined. Mr. Ferguson: I was going to ask him if he saw it executed. By the Court: I don't think that can be gone into. (Exception by Mr. Ferguson.)"

This exception cannot be sustained, for the following reasons:

1. It was admitted that the paper was an affidavit used upon the application for bail, and this exception, therefore, only raises an immaterial question.

2. At common law, the defendant in a criminal case rested under the following disabilities as a witness: *first:* he was not competent to testify in his own behalf; and *second:* he was not a competent witness to testify in behalf of a code-fendant when he was jointly indicted with others. Gr. on Ev., section 363. In 1866 the rule of the common law underwent certain changes, as appears by section 63 of the Criminal Code of Procedure, which is as follows: "In the trial of all criminal cases, the defendant shall be allowed to testify (if he desires to do so, and not otherwise,) as to the facts and circumstances of the case." This section was

intended to relieve the defendant from the first of said disabilities, by rendering him a competent witness in his own behalf, but there are no words in the section manifesting an intention to relieve him from the second of said disabilities by making him a competent witness in behalf of a codefendant. This ruling is in harmony with what seems to have been the intimation of Mr. Justice McGowan in *State v. Peterson*, 35 S. C., 279. In contemplation of law, the testimony of T. B. Franks was only in his own behalf, and the law gave the defendant, Willie Franks, the right to have said testimony withdrawn from the consideration of the jury, in so far as it tended to affect his rights. T. B. Franks was acquitted, and the exception, therefore, raises only a speculative question.

3. The affidavit was not offered in evidence, and if the defendant, Willie Franks, desired to introduce testimony for the purpose of explaining the circumstances attending the execution of the affidavit, he should have insisted, in the first instance, upon the production of the affidavit; and if this had not been done, then to have objected to parol testimony of its contents, when T. B. Franks was cross-examined by the State's attorney.

The second exception is as follows: 2. "Because it was error to refuse to allow the said witness to answer the question, 'Who drafted that paper?'" This exception raises only an immaterial question; and, furthermore, is disposed of by what has just been said in regard to the first exception.

The third exception is as follows: 3. "Because it was error for the presiding Judge to rule that the defendants could not show by the said witness who drew the paper, what it was, and the circumstances under which the said paper was executed." This exception is also disposed of by what was said when considering the first exception.

The fourth exception is as follows: 4. "Because the presiding Judge erred in refusing to permit O. G. Thompson, a witness for the defense, to state the circumstances under which the said paper (being affidavit made by T. B. Franks

on application for bail) was executed." There is a ground additional to those stated in considering the first exception, why this exception cannot be sustained. It is true, the presiding Judge, while the witness, O. G. Thompson, was on the stand, undergoing his direct examination, ruled that the defense could not interrogate the witness as to the circumstances attending the execution of the affidavit; yet when the witness was re-examined by Mr. Featherstone, and the State failed to make objection, testimony was given by said witness as to such circumstances as will appear by the following from the case, to wit: "Q. Did you swear Mr. Franks at all on that occasion? A. I did not administer the oath to him. Q. You recollect whether or not that paper was read over to him in his presence? (Objection by Mr. Schumpert; objection overruled.) A. It was read to him. Mr. Featherstone: Can he state the circumstances under which that paper was read over to him? (Then the following took place without objection:) Q. Where was Mr. Franks when he executed that paper? A. He was in the room, jail-room, prison. Q. In a cell? A. Yes, sir. Q. Where were you? A. I was on the outside, in what I suppose you would call the corridor. Q. What about the door? A. The door was closed. Q. How did he sign that paper? A. Through a small opening that I suppose is used to feed prisoners. Q. Where was Mr. Franks when the paper was read over? A. He was inside his cell." Upon the recross-examination by Mr. Schumpert, this witness testified further to the circumstances under which the affidavit was executed.

The fifth exception is as follows: 5. "Because the presiding Judge erred in permitting the witness, O. G. Thompson, on the cross-examination, to testify as to the contents of the said affidavit, and as to what T. B. Franks swore, when the said paper was not in evidence, and when defendant objected on the ground that the paper itself was the best evidence." Waiving objection to the form of the exception, in that it is not specific

enough for consideration, still it cannot be sustained, as the witness on his cross-examination only testified to such contents of the affidavit as were admitted by the defendant, T. B. Franks; and even if there was error, it was harmless.

The sixth exception is as follows: 6. "Because the presiding Judge erred in refusing to strike out the testimony of O. G. Thompson as to the contents of the said paper, when the defendants made motion for the same."

3    Waiving the objection that this exception is too general, it cannot be sustained. The following appears in the case: "Mr. Featherstone: I move to strike out so much of Judge Thompson's testimony as states that Mr. Franks swore to that state of facts before him. By the Court: This paper has never been put in evidence. I will not say it can not be put in evidence, but as a matter of fact it has not been. It has been used for the purpose of contradicting a witness, and now, when the witness is put up before whom it was executed, he is asked: Did so and so swear before you so and so? Yes. In another part of his testimony he says: No, I did not administer the oath before he made the statement. You want all that wiped out. I will not undertake to make two statements concur. It is a question of fact for the jury. The motion is refused. (Exception by Mr. Featherstone.)" The presiding Judge could not have sustained the motion without invading the province of the jury, by deciding that the statement upon which the defense relied was the correct one. Another ground for overruling the exception is, as hereinbefore stated, the witness did not swear to any contents of the affidavit, except those admitted by the defendant, T. B. Franks; and, therefore, such testimony was not prejudicial.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.