## 11101

### STATE v. ROWE

#### (115 S. E., 586)

1. LARCENY—PRESUMPTION OF FACT ARISES WHEN ONE IS FOUND IN POSSESSION OF STOLEN PROPERTY.—An instruction charging the jury that there was a presumption of fact arising from the finding of stolen property in one's possession *held* not error.

2. CRIMINAL LAW—REFUSAL OF INSTRUCTION THAT TESTIMONY OF CO-DEFENDANT COULD NOT BE TAKEN AGAINST DEFENDANT HELD ERROR.—In a prosecution for larceny, a refusal to instruct that testimony of accused's codefendant could not be taken against defendant be-cause the codefendant was not a competent witness, having been convicted of larceny, *held* error, since an objection to the evidence

when offered would have been futile, the codefendant being on trial himself, and having the right to testify in his own behalf, whether he was disqualified generally or not; the rule being to admit the testimony of a codefendant and then instruct the jury to disregard the testimony as to other defendants.

Before PRINCE, J., Orangeburg, January, 1922. Reversed and new trial ordered.

Banks Rowe and William Waymer indicted for larceny, and upon conviction, Banks Rowe appeals.

*Messrs. Wolfe & Berry,* and *Brantley & Zeigler,* for appellant, cite: *Where identity of stolen property is not established, verdict should be directed:* 118 S. C., 21; 110 S. E., 78. *No affirmative defense set up and there is no burden on defendant to prove his innocence:* 68 S. C., 315. *Defendant may testify in his own defense even though he had been convicted of a felony:* Crim. Code 1912, Sec. 90; 35 S. C., 282. *But not against a co-defendant:* 35 S. C., 282; 1 Greenl., Evid., Sec. 374; 3 Enc., Evid., 188–9.

*Mr. A. J. Hydrick, Solicitor,* for respondent. Oral argument.

January 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an indictment for the larceny of a bale of cotton. The appellant and one Waymer were jointly indicted. Both were convicted and the appellant alone appealed. In argument the appellant states three questions:

I. "Was there any reasonable testimony as to the identity of the alleged stolen cotton?"

There was sufficient evidence. It would be unfair to state it, as a new trial must be ordered. This assignment of error cannot be sustained.

II. "Did the Court err in charging the jury in respect to a presumption of fact arising from the finding of stolen property in possession of one?"

The presiding Judge charged the jury that there was such a presumption. That question is answered by *State v. Winter,* 83 S. C., at page 156; 65 S. E., at page 210:

"There is conflict of authority as to the weight to be given to the possession of the stolen goods as evidence of larceny. 4 Elliott on Evidence, § 3058. But in this State the law is settled. In *State v. Kinman,* 7 Rich., 497, 503, the Court quotes with approval the rule as laid down in 2 East, P. C., § 93: 'It may be laid down generally that whenever the property of one man, which has been taken from him without his knowledge or consent, is found upon another it is incumbent upon that other to prove how he came by it; otherwise, the presumption is that he obtained it feloniously.' The force of the presumption was stated in similar language in *State v. Bennett,* 3 Brev., 514; and *State v. Garvin,* 48 S. C., 258; 26 S. E., 570."

This assignment of error cannot be sustained.

III. "Did the Court err in refusing the request of appellant, Rowe, to the effect that the testimony of his codefendant, Waymer, could not be taken against him, because Waymer was not a competent witness, having been convicted of a disqualifying crime, to wit, grand larceny?"

This assignment must be sustained. Waymer was a codefendant, on trial, and had the right to testify in his own behalf. The presiding Judge stated that, if the objection had been made when offered, he would have sustained the objection as to appellant, but that the testimony was admitted without objection, and the objection came too late by way of request to charge. To object to such evidence when offered would have been futile. Waymer was on trial, and had the right to testify in his own behalf, whether he was disqualified generally or not. The rule is to admit the testimony of a co-defendant and then instruct the jury to disregard the testimony as to other defendants. See

*State v. Peterson,* 35 S. C., 279; 16 S. E., 617; *State. v. Franks,* 51 S. C., 259; 28 S. E., 908.

The judgment is reversed, and a new trial ordered.

MESSRS. JUSTICES WATTS, COTHRAN, and MARION concur.

MR. CHIEF JUSTICE GARY did not sit.