## 11604

### STATE v. HILLIARD

#### (125 S. E., 132)

1. CRIMINAL LAW—EVIDENCE THAT WHISKY HAD BEEN FOUND IN DEFENDANT'S AUTOMOBILE AFTER HIS BROTHER HAD TAKEN IT HELD IMMATERIAL.—In prosecution for transportation and possession of liquors, evidence that defendant's brother had taken defendant's automooile one night and injured it, and that bottle of whiskey had been found in injured automobile, *held* properly excluded, being immaterial.

2. INTOXICATING LIQUORS—PRESUMPTION OF TRANSPORTATION NOT CREATED BY PROOF OF POSSESSION.—Defendant's possession of liquor did not create presumption that he transported it.

3. INTOXICATING LIQUORS—IN PROSECUTION FOR TRANSPORTATION AND POSSESSION, EVIDENCE HELD SUFFICIENT FOR JURY.—In prosecution for transportation and possession of alcoholic liquors, evidence *held* to warrant submission of case to jury.

Before BONHAM, J., Anderson, May, 1924.    Reversed and remanded.

Schley Hilliard was convicted of a violation of the prohibition law and appeals.

*Mr. A. H. Dagnall,* for appellant, cites: *Proof of possession does not prove transporting:* 141 N. E., 801; 248 S. W., 37.1; 243 S. W., 1024; 141 N. E., 341; 123 S. C., 486; 33 C. J., 759. *Verdict should be directed if there is reasonable doubt:* 123 S. E., 259. *Proof of possession by defendant insufficient:* 123 S. C., 486; 107 S. E., 702; 116 S. E., 550.

*Mr. L. W. Harris, Solicitor,* for the State, cites: *Proof of transporting:* 60 S. E., 234; 70 S. E., 162. *Verdict good if based on one of several counts:* 16 C. J., 1279; 94 S. E., 259; 253 Fed., 903.

November 11, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant was tried and convicted of transporting and having in his possession alcoholic liquors.    The appellant and his mother lived in a rented house in Anderson. It does not appear in the case who rented the house.    It is stated in argument that appellant's mother had leased the premises, but that is immaterial in this case.    The sheriff searched the premises and found in the dwelling house a large number of empty one-gallon cans.    There was a garage in the yard, close to the dwelling house.    The garage was also searched, and behind a false back to the garage were found 72 gallons of whisky in cans similar to the empty cans found in the dwelling house.    The appellant was convicted on both counts, hence this appeal.

The appellant attempted to prove that the garage had been built by his brother, Brooks Hilliard, who had been convicted of a violation of the prohibition law, and had left the State. Brooks Hilliard had formerly lived in the dwelling house with his mother and the appellant, who was his brother.

I. The appellant offered evidence to show that Brooks Hilliard had taken appellant's automobile one night and injured it, and that in the injured automobile a bottle of whisky had been found. This evidence was excluded, and properly so. The evidence was immaterial. The important fact was admitted, without objection, that Brooks Hilliard had been convicted of a violation of the prohibition law.

II. The next assignment of error is that the trial Judge said, in the presence of the jury, "If a man has in his possession 72 gallons of liquor, it is presumed that he transported it there." This was error. The State claims that the case of *State v. Pope,* 79 S. C., 87; 60 S. E., 234, is full authority for this ruling. The statement was mere dictum, and applied to the facts of that case alone. It is not surprising that a trial Judge, in the hurry of the trial, should have been misled.

In the *Pope Case* the question was: Was there any evidence of transporting? And in that case there was no other reasonable inference than that the defendant was guilty of transporting. The inference to be drawn from possession depends upon the circumstances of each case. Pope was found selling whisky from bottles, at a church, and there was ample evidence from which the jury might have inferred that he transported it to the church. Transporting and having in possession are two distinct offenses. In the *Pope Case* it is said to be analogous to the presumption of larceny from the possession of stolen goods. Where a man is indicted for burglary and larceny, the possession of the stolen goods raises a presumption of larceny, but not a

presumption of burglary. It is only a fact from which the jury may infer burglary. 9 Corpus Juris, p. 1083:

"While proof of defendant's unexplained possession may carry a conviction to the minds of the jury, it does not raise a presumption of guilt as a matter of law—a legal presumption—but is merely evidence from which the jury may convict."

The exception that raises this question is sustained.

III. The last question is: Was it error to fail to direct a verdict for the defendant? It was not.

The judgment appealed from is reversed, and a new trial ordered.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur. MR. CHIEF JUSTICE GARY did not participate.