11727

STATE v. CAMPBELL *ET AL.*

(127 S. E., 439)

1. CRIMINAL LAW—FAILURE OF COURT TO HAVE TESTIMONY AND CHARGE TAKEN BY STENOGRAPHER NOT ERROR.—In prosecution for larceny, failure of Court to have testimony and charge taken by stenographer was not error, but matter within discretion of trial Judge, though stenographer should be used where specifically provided for by statute, as Code Civ. Proc., 1922, §§ 137, 536.

2. CRIMINAL LAW—TESTIMONY THAT FOOTPRINT RESEMBLED DEFEND-
ANT'S SHOE HELD COMPETENT.—In prosecution for housebreaking
and grand larceny, where witnesses testified that they saw foot-
print at place of entry, and that it was track of 10 or 11 shoe,
square toe, broken rubber heel, it was competent for them to testify
further that such track "looked like" and "resembled" defendant's
shoe which they saw when he was arrested.

3. CRIMINAL LAW—EVIDENCE AS TO FINDING OF STOLEN PROPERTY AT
DEFENDANT'S RESIDENCE HELD NOT INADMISSIBLE.—Evidence as to
finding part of stolen property in house where defendant resided
*held* not inadmissible because "obtained without search warrant."

4. BURGLARY—LARCENY—EVIDENCE HELD TO SUSTAIN CONVICTION FOR
HOUSEBREAKING AND GRAND LARCENY.—Evidence *held* to sustain
conviction for housebreaking and grand larceny.

5. BURGLARY—LARCENY—DEFENDANT'S POSSESSION OF STOLEN PROPERTY
OF LESS VALUE THAN $20 IS EVIDENCE OF GUILT OF BREAKING INTO
STORE AND OF GRAND LARCENY.—Defendant's possession of stolen
property of less value than $20 *held* evidence tending to establish
guilt of charge of breaking into and entering store, and of grand
larceny.

Before ANSEL, J., County Court, Greenville, October,
1924.    Affirmed.

Rubenny Campbell and another were indicted for house
breaking and larceny.    Upon conviction the named defend-
ant appeals.

*Mr. John C. Henry,* for appellant, cites:    *Opinion as to
footprints prejudicial:*    68 S. C., 122; Und. Crim. Ed.,
568; 40 S. C., 122; 124 S. C., 81.    *Use of evidence unlaw-
fully obtained:*    Const. S. C., 1895, Art. 1, Sec. 16; 101 S.
C., 148, 5186, 54; Crim. Code, 1912, Sec. 46; 124 S. C., 87.

*Mr. Dakyns B. Stover, County Solicitor,* for the State.

March 26, 1925.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

Note:  On possession of stolen property as evidence of burglary, see
note in 12 L. R. A. (N. S.), 199.

On right of witness to express opinion as to footprints, see note in
1918A, 732.

The defendant, Campbell, was convicted in the County Court of Greenville County of housebreaking and grand larceny.

His appeal imputes error to the trial Court: (1) In failing and refusing to have the testimony and the charge taken by a stenographer; (2) in admitting over defendant's objection testimony to the effect that a footprint found at place of breaking was the footprint of Campbell; (3) in admitting testimony as to the finding of a part of the stolen goods in the house where Campbell resided; and (4) in refusing a new trial on the ground that there was no evidence tending to establish the guilt of the accused.

First, as to the failure to have testimony and charge reported by a stenographer. The record contains an affidavit of appellant's counsel to the effect that he requested that the proceedings be reported by a stenographer, and that the Judge responded by saying that he had no stenographer present, and would make notes himself. There is no admission by State's counsel that the trial was not reported by a stenographer, and no order of the trial Court settling the case so as to disclose such fact. Waiving the consideration, however, that the case does not properly furnish a basis for this assignment of error, appellant's contention cannot be sustained. The stenographer is an appointee and ministerial officer of the Court. His duty to take stenographic notes is "under the direction of the presiding Judge." The power of a Court of record to control and correct the record of its proceedings is inherent. If the presiding Judge of such a Court sees fit to undertake the duty of personally making notes of the evidence and of the charge, we know of no law to prevent him. Conceding that where the statute law makes provision for a stenographer (Sections 137 and 536, Code Civ. Proc., 1922) charged with the duty of taking "full stenographic notes of all proceedings," that method of taking notes of the proceedings should generally be followed, it is sufficiently obvious that

valid reasons may often exist, particularly in a County Court, for not following that method. Thus, when a stenographer is not available, due to inadequate provision for the compensation of such an assistant or to other causes, the power of the Court to function may not be held to depend wholly upon the presence of a stenographer. In such case proper provision for preserving the record of the Court's proceedings is a matter within the control of the trial Judge in the exercise of a sound discretion. In this case no abuse of discretion has been shown.

The second contention, that error was committed in admitting testimony as to the footprint, is likewise untenable. Appellant says that the witnesses made no exact measurement of the track or of defendant's shoe or foot, and that there was no basis in fact for their opinion that the footprint at the place of the entry resembled that of defendant. The witnesses testified they saw the footprint, that it was the track of a 10 or 11 shoe, square toe, broken rubber heel, and that they saw the shoe of defendant when arrested and that it "looked like," "resembled" the track. The witnesses did not attempt to say that the footprint at the scene of the crime was made by the defendant, as in *State v. Green,* 40 S. C., 328; 18 S. E., 933; 42 Am. St. Rep., 872. We think, upon the facts adduced, it was competent for the witnesses to express an opinion as to similarity, and that the objection suggested by appellant goes to the weight and not to the admissibility of the evidence.

The third contention, that the evidence as to finding part of the stolen property in defendant's house was inadmissible, because "obtained without search warrant," is overruled under the settled rule in this State to the contrary. *State v. Atkinson,* 40 S. C., 363; 18 S. E., 1021; 42 Am. St. Rep., 877; and see *State v. Griffin* (S. C.), 124 S. E., 81.

The fourth contention (exceptions 5, 6, 7 and 8) that there was no evidence to warrant a conviction cannot be sustained. There was evidence tending to

establish that a part of the property, which had been taken from the store broken into and entered, was found in the possession of the defendant, Campbell. That evidence, with other circumstances which need not be reviewed and appraised in detail, was sufficient to carry the case to the jury. The weight and sufficiency of the evidence were for the jury. Appellant's proposition, that defendant's possession of stolen property of less value than $20 was not evidence tending to establish guilt of the charges of breaking into and entering the store and of grand larceny, is untenable. The correct rule, as we think, is thus stated by Smith, J., in *State v. Vierck,* 23 S. D., 166; 120 N. W., 1098; 139 Am. St. Rep., 1040; 1043:

"* * * The recent possession of stolen property whether in larceny or in burglary, and whether such possession be 'explained or 'unexplained,' is a circumstance—an evidentiary fact—which may have a greater or lesser weight as proof of guilt, when considered with, and strengthened or weakened by, all the other evidence in the case. If the evidence tends to show the possession to be an honest one, the probative force of the fact of recent possession may be greatly modified or entirely destroyed. If wholly unexplained, it may carry a conviction of guilt to the minds of the jury, but, whether explained or unexplained, it is competent and relevant evidence upon the issue of guilt or innocence."

See 9 C. J. 1070, § 127; *State v. Hilliard* (S. C.), 125 S. E., 132.

All exceptions are overruled, and the judgment of the County Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.