16981

THE STATE, Respondent, v. ERNEST COLEMAN, Appellant

(86 S. E. (2d) 484)

*Messrs. McDonald, McGowan & McDonald,* of Florence, *for Appellant,*

*J. Reuben Long, Esq., Solicitor,* of Conway, *for Respondent,* 

March 17, 1955.

STUKES, Associate Justice.

Appellant Coleman and one Kennedy were convicted of the larceny of a large outboard motor, upon an indictment which contained a second count charging them with receiving the same motor, knowing it to have been stolen. It is the contention of appellant that there was insufficient evidence to submit to the jury the issue of his guilt upon the larceny count. We think that the following review of the evidence shows the contrary.

Soon after the theft of it, the motor was found by the officers behind appellant's farm house, within 50 or 75 feet of it, quoting, "covered up with a sack." Appellant told the officers that the motor had been brought to his home. In further explanation he said that Kennedy had given him the motor for a debt. Conflict between this, other State's evidence and appellant's testimony on trial, will be seen.

A State's witness testified that appellant told him that he had found the motor in the woods and took him to it, which was about a mile from appellant's house, and appellant made no reference to Kennedy's participation. Another witness for the State testified to the same effect. Witnesses for appellant implicated Kennedy and testified that the latter said he had the motor and asked appellant to go with him and, quoting, "sell it and get a jar of whisky," which appellant refused to do.

The appellant testified in his own behalf that Kennedy told him he had the motor and showed it to him in the woods

and proposed that they go and trade it for whisky, which appellant declined; and afterward appellant got the motor out of the woods and took it to his home. When asked on cross examination what induced him to take the motor to his home, appellant replied that he did not know.

Kennedy, who was also convicted of larceny but did not appeal, testified to his knowledge of the motor and that the prosecuting witness owned it. However, he denied any connection with the larceny of it.

Applicable to the facts in evidence and charged in effect by the trial judge, to which there is no exception, is the rule that possession of recently stolen property, in the absence of explanation consistent with innocence, raises the presumption of guilt of larceny of the property and will authorize conviction. 13 S. C. Dig., Larceny, Key 64, p. 101. Recent relevant decisions are: *State v. Roof,* 196 S. C. 204, 12 S. E. (2d) 705; *State v. Baker,* 208 S. C. 195, 37 S. E. (2d) 525; *State v. Lyles,* 211 S. C. 334, 45 S. E. (2d) 181, and *State v. Washington,* 220 S. C. 442, 68 S. E. (2d) 400. Incidentally, such possession is also evidence of burglary where that is charged. *State v. Shields,* 217 S. C. 496, 61 S. E. (2d) 56. *State v. Goodson,* 225 S. C. 418, 82 S. E. (2d) 804.

The conflicting and contradictory explanations by appellant of his possession of the recently stolen motor which he made to the officers and other State's witnesses and in his testimony on trial were manifestly insufficient to rebut the presumption of his guilt of larceny. Issue thereabout arose and the court did not err in submitting it to the jury.

After retiring for deliberation the jury returned and the following transpired:

"The Court: I understand that you want to make some inquiry?

"The Foreman: Yes, sir.

"The Court: Is it a question of law or fact?

"The Foreman: I believe you call it a question of law. It seems to be a little doubt in our minds as to whether or not this removal of the motor from the woods where it was found, would that be larceny, or would that fall under the category of receiving?

"The Court: Larceny is a continuous offense. If I were to steal property in Florence County and take it over here to Anderson County, I could be tried in any County in which I had that property.

"The Foreman: If I steal something and take it your house, and you in turn take it to John Doe's house, have you further committed larceny, after it has come into your possession?

"The Court: If I receive property through knowing it to have been stolen from Mr. Jones, then I am guilty of receiving stolen property, and would not constitute larceny; except, however, where two persons who leave the City of Florence and go to Lake City for the purpose of stealing property, and either one steals, he would have to go for the purpose of doing a formed purpose while there—all persons aiding and abetting in the commission of a crime are considered as principals in that crime."

Appellant complains that the foregoing was not a correct instruction of the jury in response to the inquiries of the foreman. Granting that the court's instructions were not clearly responsive, no prejudice to appellant is apparent, certainly in the absence of request for clarification or further instruction. The jury had been previously, plainly instructed that the defendants could not be convicted on both counts of the indictment.

Affirmed.

BAKER, C. J., and TAYLOR, OXNER and LEGGE. JJ., concur.