18114

The STATE, Respondent, v. Edward RUTLAND, Appellant

(133 S. E. (2d) 127)

*Messrs. Norman E. Fogle, W. T. Klapman* and *Lofton M. Fanning,* of Orangeburg, *for Appellant,*

*Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

October 30, 1963.

LEWIS, Justice.

The defendant Edward Rutland has appealed from his conviction of the crime of grand larceny. He was convicted of the larceny of tools belonging to his employer, valued at approximately One Hundred ($100.00) Dollars. His sole contention on appeal is that the State failed to prove the *corpus delicti* and that the lower court erred in refusing to direct a verdict of not guilty on this ground.

Of course, to sustain a conviction, the *corpus delicti* must be established and, in larceny, consists of (1) the loss of the property by the owner and (2) the loss by a felonious taking. *State v. Teal,* 225 S. C. 472, 82 S. E. (2d) 787; *State v. Roof,* 196 S. C. 204, 12 S. E. (2d) 705.

The testimony and the reasonable inferences to be drawn therefrom, independently of alleged admissions by the defendant, show that the defendant was an employee of the Utica Drop-Forge Company, at Orangeburg, South Carolina and that on or about January 25, 1963 the company suffered a loss of tools valued at approximately One Hundred ($100.00) Dollars. The loss was reported to one of the officials of the company, and, as a result of the investigation which followed, one Mickey Kennedy admitted having the tools in his possession and returned them to the company. Kennedy was a truck driver and was engaged in hauling goods to and from the Utica mill. He testified that, as he was about to leave the mill yard on the night of January 25, 1963, the defendant brought the box of tools in question from the mill to his truck and told him to carry them to his (Kennedy's) home. He further testified that the defendant told him that he would come by later and get the tools and, if he did not go by to get them, Kennedy could "give him a couple of dollars for the tools." The tools were still in the possession of Kennedy at the time they were located, about two day later. The tools were placed in evidence at the trial and identified as those taken from the mill by the defendant on the night of January 25, 1963 under the foregoing circumstances.

Citation of authority is unnecessary for the well settled rule that, in passing upon a motion for a directed verdict, the court is concerned with the existence or nonexistence of evidence, not with its weight. If there is any competent evidence which reasonably tends to prove the fact in issue, the case must be submitted to the jury for determination.

The testimony in this case, viewed in the light most favorable to the State, as we are required to do, sustains the conclusion, reached by the jury, that the tools in question were owned by the Utica Drop-Forge Company and that they were removed from its possession by the defendant with felonious intent. Accordingly, the

motion of the defendant for a directed verdict of not guilty was properly denied by the trial court.

The defendant contends, however, that the evidence relied upon to establish the *corpus delicti* was not the best evidence, and that secondary evidence to establish such issue was inadmissible in the absence of a showing that better evidence was not available. The record fails to disclose that the foregoing question was presented to or passed upon by the lower court and, therefore, will not now be considered. *State v. Alexander,* 230 S. C. 195, 95 S. E. (2d) 160.

Affirmed.

TAYLOR, C. J.; and MOSS, BUSSEY, and BRAILSFORD, JJ., concur.