## STATE v. HUDSON.

1. CIRCUMSTANTIAL EVIDENCE.—An instruction that in cases of circumstantial evidence, the circumstances relied on must be proven to the *entire* satisfaction of the jury, is not error, but the jury must be instructed that these circumstances must be inconsistent with any other reasonable hypothesis than the guilt of the accused.

2. CRIMINAL LAW—COMPLICITY IN CRIME—CHARGE—"CASE."—Appellant must show that a charge was prejudicial to his rights, and here that necessity existed for an amplified statement of doctrine of complicity in crime, but "Case" not showing this, exceptions are overruled.

Before GAGE, J., Oconee, March term, 1902.    Reversed.

Indictment for murder against John Hudson, Henry Hudson, Money Hudson, Jack Centell, Thomas Hudson and George Hudson.    The three first were convicted of manslaughter and appeal.

*Messrs. Jones & Shelor* and *J. P. Carey,* for appellants, cite: *As to law of circumstantial evidence:* 35 S. C., 16; 49 S. C., 285.    *As to complicity in crime:* 36 S. C., 524; 6 Ency., 2 ed., 871; 109 Ala., 11; 49 S. C., 550.

*Assistant Attorney General Townsend,* contra (oral argument).

June 19, 1903.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    John Hudson, Money Hudson,

George Hudson, Thomas Hudson and Jack Centell, were all charged in one indictment with the murder of Rachel Thomas, and were tried at the March term of Court of General Sessions for the county of Oconee. George Hudson and Thomas Hudson were acquitted, and the other defendants were convicted of manslaughter and sentenced. The defendants who were convicted have appealed to this Court. The exceptions make the point that the trial Judge erred in his charge in two respects: First, in charging the rule as to circumstantial evidence; second, in charging the law as to complicity in crime where several are on trial.

There was no positive testimony as to which of the defendants did the killing, and the case was one of circumstantial evidence. Five persons were jointly indicted for the murder, and there was no direct proof as to who fired the fatal shot; but the State relied upon the theory that all the parties charged went to the house of the deceased for an unlawful purpose, and that all of the defendants, or such of them as went there under the common design, were just as guilty as the one who fired the fatal shot.

The exceptions assign error as follows:

"1. Because the Circuit Judge erred in charging the jury as follows as to circumstantial evidence: 'These circumstances surrounding the transaction should be proved to your entire satisfaction, that is to say, the different incidents, each one, must be proved to your entire satisfaction. The circumstances must be consistent with themselves, and they must all point to one thing, the guilt of the defendants; and any other reasonable theory than the theory that the defendants at the bar, charged with the crime, did do it, would tend to prove that they were not guilty;' whereas, he should have charged the jury that the circumstances must point conclusively to the guilt of the defendants, and that if any other reasonable theory than the theory that the defendants committed the crime should appear, the defendants were entitled to a verdict of not guilty.

"2. Because the Circuit Judge, when he undertook to

charge the rule as to circumstantial evidence, erred in not charging the true rule as follows: That the circumstances must be proved to the entire satisfaction of the jury, and when these circumstances are so established, they must point conclusively to the guilt of the defendants, and must be inconsistent with any other reasonable hypothesis.

"3. Because the Circuit Judge erred in charging the jury that 'if the men went to Rachel Thomas' house for the purpose of, not killing her, but to do a wrongful act, to do an illegal act, and yet not to kill, and if as a result of that illegal act springing out of it, if under these circumstances Rachel Thomas was killed, then that is manslaughter;' whereas, he should have charged the jury that if the men went to the house of Rachel Thomas with a common purpose to do an illegal act, and in the execution of this common purpose Rachel Thomas was killed by one of the defendants, as a probable or natural consequence of the acts done in pursuance of the common design, then the person present participating in the unlawful common design would be as guilty as the actual slayer; but if the killing had no connection with the common purpose and did not ensue as a probable result of an attempt to execute it, then the slayer alone would be responsible for the killing.

"4. Because the defendants being indicted jointly for killing Rachel Thomas, and it appearing that only one shot was fired, and that shot resulted in her death, the Circuit Judge, in his charge with reference to convicting some of the defendants and acquitting others, ignored the view that one of the defendants might have done the act without the concurrence or aid of the others.

"5. Because the Circuit Judge in his charge erred in ignoring the view that if, without concert or combination, one of the defendants, upon sudden quarrel or other cause, without the aid or support of the others, took the life of the deceased, he alone who did the act would be responsible."

We will first consider the exceptions relating to circumstantial evidence. The appellants contend that his Honor,

the presiding Judge, erred in stating the rule to be that the circumstances are required *merely* to point to the guilt of the defendants; whereas, they submit the correct rule requires the circumstances to point *conclusively* to the guilt of the defendants. The rules as to circumstantial evidence are thus stated in 1 Starkie on Evidence, 570-574: "1. The circumstances from which the conclusion is drawn should be fully established. 2. All the facts should be consistent with the hypothesis. 3. The circumstances should be of a conclusive nature and tendency. 4. The circumstances should to a moral certainty actually exclude every hypothesis but the one proposed to be proved." These rules are approved in *State* v. *Aughtry,* 49 S. C., 285, 26 S. E., 619.

Under the charge of the presiding Judge, it was necessary that the jury should be satisfied *entirely* that the circumstances pointed to the guilt of the defendants. He charged: "These circumstances surrounding the transaction must be proved to your entire satisfaction, that is to say, the different incidents each one must be proved to your entire satisfaction." The charge substantially set forth the requirements of the rule, and this objection must be overruled.

The appellants also contend that the Circuit Judge erred in instructing the jury that if any other reasonable theory than the guilt of the defendants appeared, it would *tend* to prove that they were not guilty; whereas, the correct rule requires the State, before a party can be convicted, to show that the circumstances relied upon are inconsistent with any other reasonable hypothesis than the guilt of the accused. By reference to rule 4, hereinbefore mentioned, it will be seen that the Circcuit Judge erred in charging that if any other reasonable theory than the guilt of the defendants appeared, it would only *tend* to prove that they were not guilty, for under the said rule such facts would conclusively show that they were not guilty. The exceptions raising this question are, therefore, sustained.

We will next consider the exceptions relative to com-

plicity in crime. The case of the *State* v. *Carson,* 36 S. C., 524, 15 S. E., 588, shows that the charge was correct, as far as it went. It is incumbent upon the appellants to show that the charge was prejudicial to their rights, and that the necessity existed for an amplified statement of the doctrine. The testimony is not set out in the record, nor is there anything in the statement of facts contained in the record which shows that the charge was prejudicial to the defendants. Under these circumstances, the exceptions must be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be set aside, and the case remanded to that Court for a new trial.

MESSRS. JUSTICES JONES and WOODS *concur in the result.*