## STATE v. LANGFORD.

1. EVIDENCE—TRACKS.—It is competent for a witness in describing a track to describe the peculiarities of the track by reference to the shoe.

2. INSTRUCTION that State relies on circumstantial evidence for conviction, stating circumstances as stated in the argument and using such statement as basis of explanation of the rule applicable to circumstantial evidence, defense offering no evidence, is not a charge on the facts.

3. CIRCUMSTANTIAL EVIDENCE.—INSTRUCTION that it is not safe to convict on circumstantial evidence unless the circumstances admit of no other conclusion than the guilt of the accused, is equivalent to saying you must acquit under like circumstances.

4. JURY.—NEW TRIAL should not be granted because a juror sat on a former trial at which defendant was convicted, on ground that neither defendant nor his counsel knew the fact.

Before GAGE, J., Edgefield, October, 1905. Affirmed.

Indictment against Jesse Langford for larceny. From sentence on verdict, defendant appeals.

*Messrs. Simkins & DeVore,* for appellant, cite: *Witness may describe a track, but not give an opinion as to who made*

*it:* 40 S. C., 328. *Statement of circumstances relied on by State is charge on facts:* 68 S. C., 153; 65 S. C., 176; 70 S. C., 75; 67 S. C., 431; 61 S. C., 556; 68 S. C., 392; 69 S. C., 451. *Instruction "not safe to convict" should have been "must acquit:"* 1 Green. Ev., sec. 13, and note; 35 S. C., 25; 66 S. C., 34. *Juror was not impartial:* 1 Bish. Cr. L. & P., sec. 774; Con., art. I., sec. 18; 54 S. C., 147.

*Solicitor George Bell Timmerman* and *Mr. S. M. Smith, Jr.,* contra. *The Solicitor* cites: *Statement of Judge as to circumstances relied on, not charge on facts:* 40 S. C., 330; 54 S. C., 177; 69 S. C., 451; 40 S. C., 294; 47 S. C., 517. *Juror complained of was constitutional one and objection comes too late:* 54 S. C., 145.

June 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The defendant was tried in Edgefield County, August Term, 1901, and convicted of grand larceny. A new trial was granted by the Circuit Court at said term. In September, 1901, he escaped from jail. He was recaptured and again brought to trial, October Term, 1905, convicted and sentenced.

It appears that on the night of July 4, 1901, some one entered the dwelling of J. L. Smith, in Edgefield County, and stole therefrom his pants containing $63. The theft was discovered early next morning and the pants were found in a field near the house without the money, and tracks were discovered leading from near the house to the place where the pants were found, thence on to within thirty or forty yards of defendant's house. The tracking party, on going to defendant's house, found him absent, but secured a pair of his shoes. Testimony was offered that the shoe fit the track exactly and that one of the party put the shoe on and made a track with it which corresponded with the discovered track, one circumstance being that the number and position

of certain tacks on the shoe corresponded exactly with the indentations in the track.

Appellant's first exception alleges error in the Court's ruling that it was competent for the witness to take the shoes and, in his endeavor to describe the track, describe the peculiarity of the track by reference to the shoe and leave it to the jury to say whether or not the shoe made the track. We think the ruling was proper and in accordance with *State* v. *Green,* 40 S. C., 330, 18 S. E., 933. The Court was careful not to allow the witness to state his opinion that the defendant made the track, or even that the defendant's shoe made the track.

The second, fourth and fifth exceptions relate to certain sentences in the charge of the Court, which we have italicized and stated in their connection as follows: *"The State relies upon circumstantial testimony for conviction.* I am requested by counsel for defendant to state to you the rules with reference to circumstantial testimony. Circumstantial testimony is sufficient upon which to found a verdict provided it comes up to the rules which our Codes have announced through a long series of years. These are the rules: circumstances must be proven to the entire satisfaction of the jury; that is the first rule. The circumstances must point conclusively—that is, to a moral certainty—to the guilt of the accused. Third, the circumstances must be consistent—the one with the other. Fourth, the circumstances must be inconsistent with any other reasonable hypothesis than the hypothesis upon which the State relies. Now, these are the four rules. Now, gentlemen, I heard a solicitor once define circumstantial evidence. This is the way he likened the crime, stealing in this case, to a corner tree, and he likened the circumstances to pointers around that tree. If you have ever been on a survey, you know what that means. He likened the crime, stealing in this case, to a corner tree, and the circumstances standing around it to the pointers. I thought it was a good illustration. *Now, put your fingers on the circumstances which the State*

*relies on in this case. As I recall the argument, there are three main circumstances: first, tracks; secondly, escape; thirdly, gambling.* If there are any others I do not recall them. *You will.* Which of these circumstances have been proven to your entire satisfaction? Do those circumstances point surely to the guilt of the accused? Do they all point one way? Are they consistent one with the other? You put those circumstances together. Can you put those circumstances together and draw any other conclusion than the guilt of the party? *If all the circumstances can be believed as true, but you can draw from them another conclusion than the guilt of the accused, then the law says it is not safe to convict upon them.* This is as plain as I can make it. Now, the reason of the law is this: circumstances are mute things. I can swear I saw a rock in the road, but the rock cannot testify. If it could, it could tell who put it there. So all a man can do is to testify to circumstances. Circumstances themselves are mute things, and unless they speak to you, and speak conclusively, and unless you can draw only one inference from them, it is not safe to heed their warning."

It is objected that the first and second portions of the above charge which we have italicized was a charge in respect to matters of fact, in violation of the Constitution. We do not so regard the charge. The case was manifestly one in which the State relied upon circumstantial evidence for conviction. The defendant offered no testimony and there was no dispute as to the facts testified concerning the tracks, the arrest of the defendant the day of the discovery of the theft while gambling with other negroes, and his escape from jail. The Court made no allusion to the issuable facts. The inference to be drawn from these undisputed facts was the real matter in issue, and as to this the Judge gave no intimation of his opinion to the jury. The Court merely mentioned the State's contention in argument as a basis for instructing the jury as to the rules which should govern them in passing upon circumstantial evidence. In *Turner* v. *Lyles,* 68 S. C., 392, 401, 48 S. E., 301, approved in *Pickett* v.

*Railway,* 69 S. C., 451, 48 S. E., 466, the rule is thus stated: "Since the Constitution of 1895, Judges are not permitted to state the testimony to the jury, but it is not every statement of the testimony that will entitle the appellant to a new trial. The statement must be of testimony upon a fact in issue, and there must be reasonable ground for supposing that the jury may have been influenced by such statement in a manner prejudicial to the rights of the appellant." ·

It is further objected that the Court erred in instructing the jury that it was not *safe to convict* if the jury could draw from the circumstances any other conclusion than the guilt of the accused; whereas, the Court should have charged that the jury *must acquit* in such event. This interpretation of the charge seems to be over critical. The charge was substantially and practically to acquit in the event stated    It is impossible to believe that the jury could receive the impression from the charge that they might convict, even though they did not believe the testimony brought the case within the rules of circumstantial evidence.

The remaining exception charges error in refusing the motion for a new trial made on the ground that R. L. Dunovant, one of the jurors in the last trial, was also a juror in the former trial. The affidavit of defendant submitted on the motion was to the effect that defendant previous to and during the last trial did not know that Mr. Dunovant sat on the former trial and that the knowledge did not come to him until after the verdict, and that he would have objected had he known it. It was further stated that when Mr. Dunovant was empanelled on the jury on the last trial he did not remember until after the verdict that he was one of the jurors who convicted the defendant on the former trial. It is contended that the refusal of the motion was in violation of article I., sec. 18, of the Constitution, which provides that in all criminal prosecutions the accused shall enjoy the right of a speedy trial by an impartial jury. This exception cannot be sustained. Section 2946, Civil Code, provides that all objections to jurors must

be made before the jury is empanelled or charged with the. trial.

It is true that in the case of *Garrett* v. *Weinberg,* 54 S. C., 127, 35 S. E., 390, this Court held that a new trial should be granted if a disqualified juror sat on the case, if neither the party nor his counsel knew of the disqualification until after the verdict; but in the subsequent cases of *State* v. *Robertson,* 54 S. C., 152, 31 S. E., 868, and *Mew* v. *Railway Co.,* 55 S. C., 95, 32 S. E., 828, the Court states the rule that where the disqualification relied on might have been discovered by the exercise of ordinary care, it affords no excuse for failing to make the objection in due season, since a party should not be permitted to take advantage of his own negligence. In *State* v. *Robertson, supra,* the Court sustained a refusal of the motion for a new trial based upon the ground that one of the jurors who last tried the defendant therein sat upon the jury in the same case at the preceding term which resulted in a mistrial; and in the case of *Mew* v. *Railway, supra,* this Court refused to suspend appeal to allow motion for a new trial on Circuit on the ground that one of the jurors was not a qualified elector for want of registration and, therefore, not a legal juror.

In the present case, the fact that a juror sat on the former trial and so had formed and expressed an opinion as to defendant's guilt, was a fact of which defendant and his counsel, of course, once had full knowledge; and conceding that they had forgotten the fact on the last trial, it was one spread upon the record of the trial of the case and falls within the rule stated in the Robertson case and in the Mew case. This is so conclusive that it is unnecessary to mention the fact that the juror Dunovant had also forgotten that he had served upon the former jury until after the verdict, and so could not have been influenced by such fact.

The judgment of the Circuit Court is affirmed.