14923

STATE v. KIMBRELL

(4 S. E. (2d), 121)

November, 1938.

*Messrs. Odom, Bostick & Taylor,* for appellant,

*Messrs. S. R. Watt, Solicitor* and *Evans, Galbraith & Holcombe,* for the State.

July 25, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The appellant and one, L. I. Gregory, were, at the Fall term of the Court of General Sessions for Spartanburg County, placed on trial on an indictment charging that they had embezzled the sum of Five Thousand Five Hundred Thirty-four and 42/100 ($5,434.42) Dollars, of the public funds of the Commissioners of Public Works of the City of Spartanburg, South Carolina. They were convicted of jointly embezzling Two Thousand Ninety-three and 41/100 ($2,093.41) Dollars, and sentenced, but have made separate appeals to this Court. See the opinion in *State v. Gregory* filed within the past few days.

Gregory was the secretary and treasurer of the said public works, the appellant, the assistant secretary and treasurer. Gregory kept the books and ledger of general accounts, the appellant, the books and ledger of consumers accounts. All

items going to make up the amount alleged to have been embezzled should have appeared on the books kept by Gregory, but did not.

At the conclusion of the respondent's testimony, counsel for this appellant moved for a directed verdict of "not guilty" as to him; and again, at the conclusion of all testimony the same motion was made.

To establish the charge in the indictment, respondent relied wholly on circumstantial evidence. The items with which appellant was shown by the testimony to have been connected were two checks, one drawn by the County Board of Spartanburg County in the amount of Three Hundred Thirty and 66/100 ($330.66) Dollars, and another drawn by the City of Spartanburg in the amount of Twelve and 75/100 ($12.75) Dollars. Both checks were payable to the water works of Spartanburg, and were issued in payment of bills due the water works.

The paid check for $12.75 bore the endorsement: "For deposit only to the credit of Spartanburg Water Works by T. V. Kimbrell, Assistant Secretary & Treasurer." This item was never credited on the books, but there is no testimony that it did not in fact go to the credit of the water works at the bank wherein the water works carried its deposit.

There is a somewhat different situation with reference to the item of $330.66. The county board issued its warrant for this amount and when the bank presented the warrant, a check was then issued therefor. The warrant, insofar as the water works was concerned, was treated as a check. Appellant receipted for the warrant, which according to the testimony was not indicative of wrongdoing—was not out of the ordinary. This warrant was thereafter cashed or deposited to the credit of the water works, and carried the endorsement of the Spartanburg Water Works by appellant. There was no credit of this amount shown on the books kept by Gregory, the books on which it should have peared. The record discloses that a petty cash fund

amounting to around $350.00 was carried in the office of the water works to which several persons had access, and apparently whenever any of these persons desired ready cash, they would put a "due slip" in the cash drawer in the amount of such money as was desired and removed therefrom; and that from time to time the petty cash was replenished by cashing checks accumulated in the cash drawer; and again checks payable to the water works were often cashed in order to meet payrolls. The only requirement of the drawee bank was that some one authorized to endorse such checks for the water works, did so. It is admitted by all that these items should not have appeared on the books kept by this appellant.

The foregoing is a synopsis of the testimony on which respondent depended to prove the charge of embezzlement against appellant; and when Gregory was testifying in his own behalf, he stated that on one occasion the cash on hand was short $105.00, and when he and appellant were unable to find this shortage, appellant suggested that "cash-stubs" in a like amount be destroyed, and thus balance the cash. (It was in evidence that when a collection for water was made, there was placed in a box a slip or card showing the receipt of such money, this being denominated a cash-stub.) The "cash-stubs" were posted to the books kept by appellant.

In passing upon the motion for a directed verdict of "not guilty" at the conclusion of the respondent's testimony, the trial Judge said: "I really have my doubts about the *Kimbrell case.*"

Appellant alleges error on the par of the trial Judge in refusing to direct a verdict of "not guilty" in his behalf for "That the evidence relied upon by the State was circumstantial and did not meet the test required by law since even if the jury believed each circumstance offered same did not point to the guilt of the appellant T. V. Kimbrell nor were they consistent with his guilt and inconsistent with his inno-

cence nor did they exclude every other reasonable hypothesis inconsistent therewith."

Where it is undertaken by the prosecution in a criminal case to prove the guilt of the accused by circumstantial evidence, not only must the circumstances be proven, but they must point conclusively—that is, to a moral certainty—to the guilt of the accused; they must be wholly and in every particular perfectly consistent with each other, and they must further be absolutely inconsistent with any other reasonable hypothesis than the guilt of the accused. *State v. Langford,* 74 S. C., 460, 55 S. E., 120; *State v. Aughtry,* 49 S. C., 285, 26 S. E., 619; *State v. Hudson,* 66 S. C., 394, 44 S. E., 968.

Every circumstance which is relied upon by respondent as material must be brought to the test of strict proof. All of the facts proved must be consistent with each other, and, taken together, should be of a conclusive nature and tendency, producing a reasonable and moral certainty that the appellant and no one else committed the offense charged. It is not sufficient that they create a probability, though a strong one; and if, therefore, assuming all the facts to be true, which the evidence tends to establish, they may yet be accounted for upon any hypothesis which does not include the guilt of appellant, then the proof fails. The reason for this is that all presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent until he is proved to be guilty. As has often been stated, it is not sufficient to establish a probability of guilt arising from the doctrine of chances that the fact charged is likely to be true.

Measured by the law as above stated, it appears to us that while the issue may be close, yet giving the appellant the benefit of a reasonable doubt, a verdict of "not guilty" should have been directed. According to the undisputed testimony, no significance could be attached to the fact that appellant receipted for the warrant in question; and it was not

unusual, if the petty cash was running low, to cash a check payable to the water works rather than deposit the check and issue a check for such cash as was needed. Some one authorized to do so had to endorse the warrant before the bank would pay it, and before a check would be issued to take up the warrant, and appellant had this authority, or at least exercised such authority time and again without question. The only testimony from which an inference of wrongdoing could be drawn is that the amount of this warrant was never credited on the books of the water works, but it was not the duty of this appellant to credit same. Neither the charge nor the credit of this item should have been made on the books ktpt by appellant. It is true that Gregory testified that on one occasion when the cash was short $105.00, appellant suggested a destruction of "cash-stubs" in an equal amount and thus force the books in balance, but this is a far cry from a fraudulent appropriation of .funds.

Careful analysis of the evidence warrants us in concluding that it was not sufficient to support the verdict of guilty as to this appellant. As was stated in *State v. Turner et al.*, 117 S. C., 470, 109 S. E., 119, as to the defendant, Mack Turner: "Neither the evidence nor the circumstances warrant his conviction; while the whole case raised a suspicion, and a grave one at that, it does not warrant a verdict of guilty." "Admitting as true every fact and circumstance relied on by the State, without reference to whether it was competent or not, there is not sufficient evidence to warrant the conviction of Mack Turner (appellant), and his Honor was in error in not directing a verdict of not guilty as to him."

Reversed and remanded with instructions to enter verdict of "not guilty" as to this appellant.

Messrs. Justices Bonham and Fishburne and Mr. Acting Associate Justice G. B. Greene concur.

Mr. Chief Justice Stabler dissents.

MR. JUSTICE CARTER did not participate on account of illness.

MR. CHIEF JUSTICE STABLER (dissenting) : I regret that I am unable to agree with the conclusion reached by Mr. Justice Baker. I am satisfied that the case, under the evidence and applicable law, was properly submitted to the jury.