15025

STATE v. DORNBERG

(7 S. E. (2d), 467)

April, 1939.

*Messrs. W. H. Nicholson, W. R. Dunn* and *T. F. Mc-Cord,* for appellant,

*Mr. Hugh Beasley, Solicitor,* for the respondent,

February 24, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The appellant, Charles P. Dornberg, Jr., was charged with murder; the victim being his brother, John Dornberg. He was tried on this charge, before Judge Grimball and a jury, at Greenwood, and convicted of manslaughter.

The evidence against him is almost wholly circumstantial. There is some proof of a note stating where the body of the deceased could be found, which the State charged was written by the accused and put in a mail box. The proof upon which the State relies in this particular is the testimony of men who compared the writing on the note with the admitted writing of Charles P. Dornberg, Jr., and point out instances of alleged resemblances.

We have considered this evidence, along with all the other, and have arrived at the conclusion that it does not measure up to the standard established by the law in the recent case of *State v. Kimbrell*, 191 S. C., 238, 4 S. E. (2d), 121, 122. There it is said: "Where it is undertaken by the prosecution in a criminal case to prove the guilt of the accused by circumstantial evidence, not only must the circumstances be proven, but they must point conclusively—that is, to a moral certainty—to the guilt of the accused; they must be wholly and in every particular perfectly consistent with each other, and they must further be absolutely inconsistent with any other reasonable hypothesis than the guilt of the accused. *State v. Langford*, 74 S. C., 460, 55 S. E., 120; *State v. Aughtry*, 49 S. C., 285, 26 S. E., 619, 27 S. E., 199; *State v. Hudson*, 66 S. C., 394, 44 S. E., 968, 97 Am. St. Rep., 768."

The able Circuit Judge who tried this case was doubtful whether the case should be submitted to the jury. Because of that doubt, he should have directed a verdict for the defendant.

The judgment is reversed and the case remanded, with instruction to enter judgment for the defendant.

MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.