## 16559

### STATE v. EDWARDS

(68 S. E. (2d) 346)

*Mr. John M. Schofield,* of Walhalla, *for Appellant,*

*Mr. Rufus Fant,* Solicitor, of Anderson, *for Respondent.*

November 12, 1951.

TAYLOR, Justice.

Appellant was convicted in the court of General Sessions for Oconee County for transporting alcoholic beverages for unlawful purposes in that he acted as advance guard for one Luther Williams on or about December 20, 1950, and was sentenced to two years at hard labor in the State Penitentiary or upon the public works of Oconee County.

Appellant now comes to this court upon exceptions which present two questions: (1) Was there sufficient evidence to require the case being sent to the jury? (2) Was there error in the charge?

At approximately 4 A. M. on or about December 20, 1950, several officers for Oconee County observed a Ford Coach and a panel truck traveling along one of the paved highways approximately six or eight miles southwest of the Town of Westminster in Oconee County. Both cars were traveling at a moderate rate of speed with the Coach preceding the panel truck approximately three car lengths. The officers being able to see in the panel truck observed what appeared to be fruit jars, and after following approximately a mile turned on the police siren and the panel truck stopped, but the driver of the Ford Coach immediately accelerated its speed. The officers dropped one of their number off to take care of the truck and proceeded to chase and overtake the Coach, which was driven by appellant, after pursuing it seven or eight miles at a speed of seventy or eighty miles per hour. One Luther Williams was found to be driving the truck which contained 132 gallons of unstamped liquor. No whiskey was found in the Coach, but there were two automobile wheels, one in the back and one in the trunk, which did not fit the coach, but on the other hand did fit the truck carrying the liquor, both of which were painted red matching two of the wheels on the truck, and both wheels showed signs, where the nuts fitted, of having recently been in use, the places where the nuts fit the wheel being clean while there was dry mud at other places on the wheels. Both men were incarcerated in the Oconee County jail where they were visited the next day by persons from Greenville, South Carolina and during the conversation appellant was asked by his brother, "Are you going to get Williams out of jail?" The magistrate who issued the warrants testified that, while the bond was being arranged, appellant's brother stated in the presence of appellant, "We will let Murray sign his bond too", and appellant replied, "You just drive on down the

street, I don't want them to see me up there, they will know damn well I am connected with it." Witness Murray who was bondsman for both Williams and Edwards testified that appellant stated to him, "I don't know him and I don't want to fool with him, they might try to connect him up with me." He then later stated, "Let the damn old fool out and carry him back with us." Appellant at the time knew that he was being connected with the same transaction with Williams because that was the charge he was giving bond to face.

Appellant contends that the foregoing is not sufficient to sustain a conviction under circumstantial evidence as set out in *State v. Takis,* 204 S. C. 140, 28 S. E. (2d) 679, 680, wherein it is stated: " 'Every circumstance which is relied upon by respondent as material must be brought to the test of strict proof. All of the facts proved must be consistent with each other, and, taken together, should be of a conclusive nature and tendency, producing a reasonable and moral certainty that the appellant and no one else committed the offense charged. It is not sufficient that they create a probability, though a strong one; and if, therefore, assuming all the facts to be true, which the evidence tends to establish, they may yet be accounted for upon any hypothesis which does not include the guilt of appellant, then the proof fails' ". See also *State v. Kimbrell,* 191 S. C. 238, 4 S. E. (2d) 121. With this contention we are unable to agree. When the police siren was sounded and the truck stopped, appellant immediately accelerated his speed greatly and attempted flight. When he was finally apprehended, he had in his car two wheels which under the evidence the jury could have believed belonged to the truck. In fact appellant never attempted to explain the presence of the wheels in his car which matched two of those on the truck, all of which, when considered in connection with all the circumstances and statements made at the time of his being released upon bail, are sufficient to warrant the jury concluding that he had knowledge of and was connected with the transportation of the unlawful liquor in the truck. We are of the

opinion, therefore, that the first exception should be dismissed.

Appellant contends that the, court proceeded to instruct the jury upon the common law while appellant was being tried for a statutory offense: *i. e.*, violation of Section 1898 of the 1942 Code of Laws of South Carolina; and that in doing so his charge not only failed to enlighten the jury and assist them at arriving at a correct verdict, but such charge was calculated to confuse and mislead the jury. He, however, does not set forth which portion of the charge he relies upon to substantiate his contention as required by Rule 4, § 6 of this court. Nevertheless, a careful consideration of the charge reveals that the applicable statute was read to the jury, and taken as a whole we fail to see wherein it was calculated to in anywise confuse or mislead the jury.

We are therefore of the opinion that all exceptions should be overruled, and it is so ordered.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.