220 S.C. 442 (1951)
68 S.E.2d 400
STATE
v.
WASHINGTON.
16573
Supreme Court of South Carolina.
December 10, 1951.
*443 Mr. L.A. Hutson, of Orangeburg, for Appellant.
Mr. Julian S. Wolfe, Solicitor, of Orangeburg, for Respondent.
December 10, 1951.
TAYLOR, Justice.
Appellant was convicted of the charge of housebreaking and grand larceny at the January, 1951, term of Court of General Sessions for Orangeburg County. At the conclusion of the State's testimony appellant moved for a directed verdict of not guilty, which was refused, and the case was submitted to the jury who found appellant guilty as charged. Whereupon motion was duly made for a new trial upon the ground that the evidence was insufficient to sustain a conviction of the charges set forth in the indictment. This *444 motion was also refused, and appellant now comes to this Court upon exceptions which present the questions (1) whether or not there was sufficient evidence to sustain the conviction and (2) whether or not the Court erred in permitting Witness Evans to testify that the tracks at the store were the same as those he saw appellant make in his yard.
On or about October 12, 1950, the Farmers Supply Company Store in Orangeburg County was broken into and entered through a side door, an opening large enough for a person to pass through being made at the bottom of the door. Various seeds and dust lying on the floor showed plainly where someone had entered and left by the same route. Missing from the store were one new automobile battery, four cartons of cigarettes (three Lucky Strikes and one Phillip Morris), and two or three dollars in cash, making a total value of approximately Thirty Dollars. Light rain had recently fallen and the tracks on the ground showed plainly where the person had entered and left through the opening. These tracks had three corrugated marks crosswise of each track, two on the sole and one on the heel of each boot. These tracks were followed by the investigating officers to where appellant lived and operated a small store in an adjacent portion of the house. The same type tracks were observed in and about the premises and to a greater extent about where an automobile had been parked in the yard but had been moved. The testimony shows that the car tracks were followed to the home of one of appellant's neighbors where the car and appellant were located. When questioned, appellant stated that he was doing some work for this neighbor. Upon inspection of the car the new battery was found installed therein, it being identified by its serial number. Appellant at first denied knowing anything about the battery and stated to the officers that it was in the car when he bought it, but on trial denied making such statement and stated that he had bought the battery from a stranger at approximately 2 a. m. that morning for Three Dollars, that he had never seen this man before *445 or since, but said he lived near Bowman, South Carolina. An old battery which showed signs of having been recently disconnected was located near the store with a wrench and pair of pliers nearby; the pliers and wrench both had fresh battery acid on them and were covered over with an old sack. In a trunk in that part of the house where appellant lived were found four cartons of cigarettes corresponding to those missing from the store, three Lucky Strikes and one Phillip Morris, and these cartons were full with the exception of three packages of Lucky Strikes and one package of Phillip Morris. While the officers were following the tracks from the store to appellant's home, four packages of cigarettes were found, three packages of Lucky Strikes and one of Phillip Morris, which were the same number and brand of the four packages of cigarettes missing from the cartons.
The testimony shows that similar boots worn by others in the community could have made similar tracks but it is undisputed that the tracks led from the store which had been entered to appellant's place of business approximately three miles distant, that the officers saw appellant wearing boots and making tracks which they testified were the same as those they had observed leading from the scene of the crime to appellant's home and place of business. The battery found in appellant's car was identified by the serial number as the one stolen, and appellant admitted on cross-examination that he had placed this battery in his car himself and denied having made the statement previously that the battery was bought in the car. When arrested appellant wore boots which made the same type track. One officer stated over objection that they were the same tracks they had been following, that other tracks were mingled with these, but they could always be distinguished by their corrugated markings. Upon further examination he stated that others used boots which made similar tracks and, if others were wearing these boots of same size, it would be impossible to say who made *446 them, but this track led from the store to appellant's home and place of business.
Witness Evans further testified upon cross-examination to the following:
"Q. You found a good many tracks there? A. No, sir. Only one track, but there were several tracks made by the same shoe.
"Q. How do you know that? A. You could look at them and see that.
"Q. Were they measured? A. Yes, sir, with a stick.
"Q. You did not know what shoes made them? A. No, sir. The same shoe that made one track at the door that morning made all of them.
"Q. Did you know who had that shoe on? A. Not at the time.
"Q. Do you know that Washington's footprints corresponded with the tracks at the store? A. No, sir, looked the same."
"But all that we should require of circumstantial evidence is that there shall be positive proof of the facts from which the inference of guilt is to be drawn, and that inference is the only one which could reasonably be drawn from the facts. All the circumstances taken together must point in the direction of guilt to a moral certainty to the exclusion of any other reasonable hypothesis." State v. Epes, 209 S.C. 246, 39 S.E. (2d) 769; State v. Kimbrell, 191 S.C. 238, 4 S.E. (2d) 121.
The recent case of State v. Shields, 217 S.C. 496, 61 S.E. (2d) 56, held that possession of recently stolen property was some evidence that the defendant had participated in the larceny and, since it occurred in the nighttime, burglary. See also State v. Campbell et al., 131 S.C. 357, 127 S.E. 439; State v. Baker, 208 S.C. 195, 37 S.E. (2d) 525; State v. Kimbrough, 212 S.C. 348, 46 S.E. (2d) 273. These decisions are in accord with the general rule elsewhere. McNamara v. Henkel, 226 U.S. 520, *447 33 S.Ct. 146, 57 L.Ed. 330; 9 Am. Jur., Burglary, Sections 60, 64 and 74.
For the foregoing reasons we are of the opinion that all exceptions should be dismissed and the judgment and sentence of the lower court affirmed, and It Is So Ordered.
BAKER, C.J., and FISHBURNE, STUKES and OXNER, JJ., concur.