17149

THE STATE, Respondent, v. RAFE KINARD, Appellant
(92 S. E. (2d) 483)

210

*Messrs. T. David Sloan, Jr.,* and *Justin A. Bridges,* of
Laurens, *for Appellant,*

*William T. Jones, Jr., Esq., Solicitor,* of Greenwood, *for
Respondent.*

April 25, 1956.

TAYLOR, Justice.

At the February Term of General Sessions Court for
Laurens County, appellant was convicted of having in his
possession illegal liquor. Timely motions were made for a
directed verdict and judgment *non obstante veredicto* upon
the ground that the evidence was not sufficient to warrant
submitting the case to the jury. All motions were refused,
and this appeal poses the sole question of whether or not the
Court was correct in so doing.

At approximately 10:20 p. m., on December 11, 1954,
Deputy Sheriffs Hughes and McCartney went to appellant's
home where they found appellant and his small daughter
standing on the porch. Upon the approach of the officers, the
child turned and ran into the house. Deputy McCartney, at-
tempting to follow, found his way blocked by appellant at the
door. After forcing his way past appellant, he entered the
house and found the child in the kitchen with her mother who
was in the act of pouring "bootleg" liquor from a half-gallon
fruit jar into a slop jar. The slop jar and its contents to-
gether with the nearly empty fruit jar were seized and pro-

duced as evidence at the trial. When confronted with the evidence, appellant disclaimed any knowledge of its presence and stated in effect that if there was any liquor in the house it belonged to his wife. Upon further investigation, other empty fruit jars were found in the kitchen and other parts of the house and paper cups on a table smelled of whiskey. The testimony further reveals that the home was used as a place of entertainment with food and drink available; a piccolo was in one room for the purpose of providing music. The home was described by one witness as being a place where people gathered and had parties and was referred to as a "honkey-tonk."

The indictment charged appellant with storing and keeping and having in possession illegal unstamped liquor. Upon completion of the State's case. appellant's counsel moved for a directed verdict as to all counts. Their motion was granted as to the count which charged storing and keeping but was overruled as to the count charging unlawful possession and the case was submitted to the jury upon this question only.

Where it is undertaken by the prosecution in a criminal case to prove the guilt of the accused by circumstantial evidence, not only must the circumstances be proven, but they must point conclusively—that is, to a moral certainty—to the guilt of the accused; they must be wholly and in every particular perfectly consistent with each other, and they must further be absolutely inconsistent with any other reasonable hypothesis than the guilt of the accused. *State v. Langford,* 74 S. C. 460, 55 S. E. 120; *State v. Aughtry,* 49 S. C. 285, 26 S. E. 619, 27 S. E. 199; *State v. Hudson,* 66 S. C. 394, 44 S. E. 968, 97 Am. St. Rep. 768; *State v. Kimbrell,* 191 S. C. 238, 4 S. E. (2d) 121.

Appellant contended that while this was his home where he and his family resided, it was used by his wife for the purpose of entertainment and food and drinks were served to the patrons upon demand; but that he had no knowledge of liquor being in the house. However, the jury was at liberty to believe that portion of the testi-

mony it saw fit and reject that part which it considered to be untrue, *State v. Shields*, 217 S. C. 496, 61 S. E. (2d) 56; and if the circumstantial evidence constituted positive proof of facts from which the inference of guilt might be drawn and such inference could reasonably be drawn from the facts and all the circumstances taken together and point in the direction of guilt to a moral certainty to the exclusion of any other reasonable hypothesis, it is sufficient to sustain a conviction of the crime charged, *State v. Washington*, 220 S. C. 442, 68 S. E. (2d) 400. All that is required of circumstantial evidence is that there shall be positive proof of the facts from which the inference thereto be drawn, that such inference is the only one which could reasonably be drawn from the facts, and that all circumstances, taken together, point in the direction of guilt to a moral certainty to the exclusion of any other reasonable hypothesis, *State v. Smith*, 220 S. C. 224, 67 S. E. (2d) 82.

Appellant cites also the recent case of *State v. Littlejohn*, S. C., 89 S. E. (2d) 924. However, the facts in that case differ considerably from those in the instant case. There, one Mildred Chalmers, an employee of the defendant, operated a cafe on the ground floor and lived in an apartment on the second floor (where the liquor was found). There was no evidence that the apartment on the second floor was in anywise used in connection with the cafe business; and the only evidence connecting Littlejohn, the owner of the building, with the liquor was that he had a key to the apartment; and this, of itself, was insufficient to show that he owned, managed, or controlled the liquor. In the instant case, the illegal liquor was found in appellant's home where he lived with his family. There is no evidence that he had been absent for any appreciable time or that he was no longer head of the household. In fact, he attempted to prevent the officer's entrance thereto. This home was being used by others as a place to congregate for the purpose of entertainment. The liquor was found in the kitchen of his home with other containers distributed about the house, and paper cups on a table smelled of whiskey.

It was not necessary for the State to show that appellant had the liquor on his person to sustain a conviction of having in possession such illegal liquors. It is necessary to show only that he had control and management thereof. The jury was justified in concluding from the evidence that the appellant had actual management and control of the liquor and the wife was acting under the coercion of the appellant, her husband.

For the foregoing reasons, we are of the opinion that the trial judge was correct in submitting the case to the jury; that all exceptions should be overruled; and it is so ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.