17213

THE STATE, Respondent, v. DAVID F. GREGG, Appellant
(95 S. E. (2d) 255)

*Messrs. Herbert Britt,* of Dillon, and *Hubert E. Yarborough, Jr.,* and *W. T. McGowan, Jr.,* of Florence, *for Appellant,*

*Robert L. Kilgo, Esq., Solicitor,* of Darlington, *for Respondent.*

October 30, 1956.

STUKES, Chief Justice.

Appellant was convicted of manslaughter and has appealed. The deceased was fatally stabbed during what appellant's counsel called in argument a "drunken brawl", in a roadhouse in Dillon County. There was a crowd of patrons variously estimated by the witnesses at from forty to sixty, nearly all, if not all, of whom engaged in the fighting at one time or another.

■ Appellant moved for continuance of the trial upon the ground of inability to procure the attendance, as a witness, of a former waitress at the roadhouse, whose then Florida or Cuba whereabouts he did not know. The granting or refusal of the motion was within the discretion of the trial judge and error in the refusal does not appear. 7 S. C. Dig., Criminal Law, Key 586, p. 504.

■ Motions for directed verdict and judgment n. o. v. for contended insufficiency of the evidence were properly refused. There was no eyewitness testimony to the stabbing. However, appellant admitted that he had an open knife in his hand during part of the time and there was no evidence that any other participant had a knife at any time. A witness for the State testified that he, also, was cut extensively by appellant and had to be hospitalized. There were other circumstances in evidence which pointed to the guilt of appellant. Certainly, considering the evidence most favorably for the State, as we must, it was ample to sustain the verdict. (See the decisions cited below in the disposition of the ground of appeal which is discussed last herein.)

During the cross examination of appellant the following occurred:

"Q. Mr. Gregg, I ask you whether or not on the 21st day of April, 1941, in the United States District Court in Wilmington, North Carolina, you pleaded guilty to bank robbery? A. Yes.

The Court: Before we proceed further, Mr. Foreman and Gentlemen, the testimony of a prior conviction of the defendant is admitted solely for such weight as the jury might deem proper to give it on the question of the veracity of the witness, the credibility of his testimony, and for no other purpose whatsoever. That is the only purpose for which it is admitted and the only purpose for which the jury is permitted to consider it."

And on redirect examination on the same subject, the following:

"Q. Now you stated that in '41, April, you plead guilty to bank robbery, or as an accessory, I believe it was, in Wilmington, North Carolina. A. Yes, sir.

"Q. Did you plead guilty to it as accessory? What was the circumstances of that?

"Mr. Kilgo: We object.

"The Court: The objection is sustained.

"Mr. Yarborough: Your Honor won't permit us to show any mitigating details?

"The Court: No, sir; the Supreme Court has held that the details are not admissible. The objection is sustained."

Appellant excepts and contends in this fourth question on appeal that he should have been permitted to testify that he had pleaded guilty to accessory to bank robbery, rather· than to bank robbery. The difference for the purpose of the evidence, which was to impeach the credibility of appellant as a witness, was that between tweedledum and tweedledee. There was no prejudicial error. Details of the crime to which appellant had pleaded guilty were not admissible. He had already been afforded opportunity to defend himself against that charge and his plea of guilty was conclusive. *State v. Wyse,* 33 S. C. 582, 12 S. E. 556. There is no contention that proof of the former crime was not relevant upon the question of credibility. *Gantt v. Columbia Coca-Cola Bottling Co.,* 204 S. C. 374, 29 S. E. (2d) 488.

Finally, appellant contends that the evidence was insufficient to submit to the jury that the deceased died in Dillon County, as charged in the indictment, which was a ground of his motions for directed verdict of acquittal and for judgment n. o. v.; and he demands a new trial. *State v. Coleman,* 17 S. C. 473; *State v. Platt,* 154 S. C. 1, 151 S. E. 206.

When the fighting subsided and the other participants left the building, deceased or his lifeless body lay on the floor. The death wound was in the left lower chest and the liver was split. An ambulance was called and deceased was

taken to the hospital in Mullins, in Marion County. No one rode in the ambulance with him and the driver, who was in the cab of it, did not testify. The proprietress of the roadhouse testified that she thought that the deceased was "knocked out," and no witness could say whether he was dead or alive when removed.

A physician who was at the hospital and examined the body immediately upon arrival testified as follows:

"Q. From your examination could you tell how long he had been dead? A. Well, the body was still warm and there was no rigidity of the muscles so it certainly had happened within the last hour, I would say.

"Q. It could have happened ten minutes before you saw him? A. Could have, but I don't think so. I think he—

"Q. (Interrupting) You think it was longer than that? A. Probably longer, a little longer than that.

"Q. What caused you to make that statement? A. Well, now of course we didn't take the temperature of the body but I don't think the temperature is quite—you have to make those things on that short a length of time it is impossible to make an exact statement. But I was of the opinion that the body had cooled some.

"Q. Had cooled some. Could you say if he had been brought from Lake View to Mullins Hospital he died in your opinion—in your opinion died in Dillon County or Marion County? A. No, sir; I cannot.

There are two highway routes from the scene of the stabbing to Mullins, by one it is three and one-half miles from the county line to Mullins, and by the other ten miles. The evidence does not disclose which route was followed by the ambulance. Both are paved.

We are constrained to hold that the evidence was sufficient to submit to the jury the issue of the county of death of the deceased, and that they were justified in finding that death occurred in Dillon County, which was implicit in their verdict. The following is from the opinion in *State v. Epes*, 209 S. C. 246, 39 S. E. (2d) 769, 779:

"In *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825, 827, the court discussed the sufficiency of the evidence which would warrant the submission of the case to the jury, and there said: 'The general rule is that, if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. *State v. Roddey,* 126 S. C. 499, 120 S. E. 359; *State v. Villepigue,* 127 S. C. 392, 121 S. E. 258; *State v. Walker,* 138 S. C. 293, 136 S. E. 215'. It must be kept in mind that on an appeal from the refusal of the court to direct a verdict, the evidence and the inferences which may reasonably be drawn therefrom, must be viewed in the most favorable light for the State. *State v. Brown, supra,* 205 S. C. 514, 32 S. E. (2d) 825; *State v. Turner,* 117 S. C. 470, 109 S. E. 119; *State v. Quinn,* 111 S. C. 174, 97 S. E. 62, 3 A. L. R. 1500."

The authority of the *Epes case* relating to the sufficiency of the evidence, particularly circumstantial evidence, for submission to the jury had been cited with approval in the following subsequent decisions; *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273; *State v. Green,* 213 S. C. 170, 48 S. E. (2d) 641; *State v. Smith,* 215 S. C. 387, 55 S. E. (2d) 343; *State v. Smith,* 220 S. C. 224, 67 S. E. (2d) 82; *State v. Washington,* 220 S. C. 442, 68 S. E. (2d) 400; *State v. Harvey,* 220 S. C. 506, 68 S. E. (2d) 409; *State v. Jamison,* 221 S. C. 312, 70 S. E. (2d) 342; *State v. Thomas,* 222 S. C. 484, 73 S. E. (2d) 722; *State v. Goodson,* 225 S. C. 418, 82 S. E. (2d) 804; and *State v. Littlejohn,* 228 S. C. 324, 89 S. E. (2d) 924, 926. From the opinion in the last cited we quote:

"In considering whether the court below erred in not directing a verdict in favor of the defendant, we must view the foregoing testimony in the light most favorable to the State. *State v. Epes,* 209 S. C. 246, 39 S. E. (2d) 769. It must be remembered, too, that there is one test by which

circumstantial evidence is to be measured by the jury in its deliberations, and quite another by which it is to be measured by the trial judge in his consideration of the accused's motion for a directed verdict. * * * But on a motion for direction of verdict, the trial judge is concerned with the existence or nonexistence of evidence, not with its weight; and, although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced."

There is another consideration which militates for affirmance. The rule of our decisions, which requires allegation and proof of the place of death in homicide cases and which was the common law, developed before the advent of paved roads and motor vehicles. Under the facts of this case, where the record discloses no possibility of prejudice to appellant in his defense, justice requires liberality in the application of the rule. Otherwise, it is easy to conceive of facts under which a murderer could successfully conceal the place of death of his victim with reference to a county line, and escape conviction. Proof of the place of death would be impossible and, therefore, conviction impossible and the guilty escape.

Referring again to the facts of this case, they with Section 17-456 of the Code of 1952 render this point of appellant quite technical. The cited statute provides that in case of injury in one county and death in another, indictment and trial may be had in either county. See generally, 26 Am. Jur. 342, Homicide, Sec. 271; 40 C. J. S., Homicide, § 155, pp. 1050, 1051, Homicide, 155 b; and annotations in 3 L. R. A., N. S., 1019 and 26 A. L. R. 1342.

Affirmed.

OXNER, LEGGE and MOSS, JJ., concur.

TAYLOR, J., concurs in result.