18095

The STATE, Respondent v. Lewis BOSTICK, Appellant
(131 S. E. (2d) 841)

*Messrs. Luke N. Brown, Jr., D. N. Rivers* and *J. N. Malphrus,* of Ridgeland, *for Appellant,*

*Messrs. Randolph Murdaugh, Solicitor,* and *J. Robert Peters, Jr.,* of Hampton, *for Respondent,*

July 10, 1963.

LEWIS, Justice.

C. W. Floyd, the Sheriff of Jasper County, South Carolina, was fatally shot on January 18, 1962, while investigating an attempted robbery which had been reported to him. The shooting occurred in a wooded area adjacent to U. S. Highway No. 601, near the village of Pineland, in Jasper County, in the vicinity of the attempted robbery. The sheriff died while being carried in an ambulance to a hospital in Savannah, Georgia. From information received and through early pursuit of the assailant with bloodhounds, the defendant Lewis Bostick was apprehended on the same day a short distance from the scene of the crime while hiding in the loft of a house, and admitted that he shot the sheriff. The defendant was subsequently indicted by the grand jury of Jasper County for the murder of Sheriff Floyd, and was so convicted on February 29, 1962.

Although others were in the area at the time, there was no eye witness to the shooting. The conviction of the defendant was based upon, among other facts and cricumstances, testimony as to the similarity of clothing worn by the defendant at the time of his arrest and that worn by the indi-

vidual suspected of the attempted robbery and seen in the vicinity of the scene of the shooting a short time before; the identification of the rule of the defendant found near the scene as the murder weapon; the indentification of a cap found near the scene as belonging to the defendant; testimony as to peculiarities in the tracks made by the shoes worn by the defendant and the close similarity of such tracks to those found leaving the scene of the crime; and statements in the nature of confessions made by the defendant on several occasions after his arrest under circumstances amply warranting a conclusion by the jury that such statements were freely and voluntarily made. The defendant offered no testimony at the trial.

During the trial, the defendant, out of the presence of the jury and through his counsel, offered a plea of guilty upon a recommendation to mercy, which, if accepted, would have carried a mandatory life sentence. The offer to so plead was rejected by the Solicitor and the trial resulted in a verdict by the jury of guilty without recommendation to mercy, which carried the mandatory sentence of death by electrocution. The death sentence was imposed by the trial judge and this appeal followed.

At the conclusion of the testimony, the defendant moved for a dirceted verdict of not guilty on the ground that the State had failed to prove, as alleged in the indictment, that the death of Sheriff Floyd occurred in Jasper County where the defendant was tried. This motion was refused and, at the conclusion of the Court's charge to the jury, the defendant requested that the jury be instructed that proof of the place of death was a material element in the State's case against the defendant and the burden of so proving was upon the State. This request was refused. The failure of the court to so instruct the jury is the basis of the only exception filed by the defendant in this appeal.

The indictment alleged that Sheriff Floyd was shot in Jasper County, South Carolina, and that he died in that County. These allegations, which allege the

place of the assault and the place of death, are generally regarded as essential allegations in n indictment for murder, *State v. Platt et al.,* 154 S. C. 1, 151 S. E. 206. As such allegations affect jurisdiction or the essential elements of the crime, they must be proved by the State, *State v. Rector,* 158 S. C. 212, 155 S. E. 385, and should ordinarily be submitted to the jury for determination with proper instructions by the court. *State v. Gantt et al.,* 223 S. C. 431, 76 S. E. (2d) 674. However, in accord with well settled principles of law, questions relating to the place of the assault and place of death need not be submitted to the jury for determination, or instructions given by the court with reference to such issues, where there is no conflict in the evidence thereabout, or where there is no material issue on such questions. See: 23A C. J. S. Criminal Law § 1196b.

The purpose of requiring the State to allege and prove the place of the assault and the place of death is (1) to show jurisdiction of the court and (2) to fully inform the defendant of the nature and cause of the accusation. In the application of the foregoing rule, however, it has been held that, where the jurisdiction of the court is established in the county where the fatal assault was committed, the requirement that the place of death must be proved will be applied with liberality when it clearly appears that no prejudice will result to the defendant in his defense. *State v. Gregg,* 230 S. C. 222, 95 S. E. (2d) 255.

The defendant does not contend that there is a conflict in the evidence as to the place of the fatal shooting, but only as to the place of death. He takes the position that the evidence is conflicting as to whether Sheriff Floyd died in Jasper County, South Carolina, or in the State of Georgia, and that such issue should have been submitted to the jury for determination under appropriate instructions by the court. We find no material conflict in the evidence with regard to either the place of the fatal assault or the place of death. The record clearly sustains the allegations of the

indictment that the shooting and death took place in Jasper County.

Section 17-454 of the 1962 Code of Laws provides that when any person shall be struck, wounded or otherwise injured in this State and shall die from such injuries beyond the limits of this State, the person so causing death shall be subject to indictment, trial and punishment in the county in which the injury was committed, in all respects as if death had occurred in such county. Therefore, there being no question about the fact that the fatal assault occurred in Jasper County, South Carolina, the court clearly had jurisdiction to try the defendant for the offense alleged, even if it be assumed that the deceased died in the State of Georgia. There was no issue of fact relating to jurisdiction and it is not contended otherwise.

Neither was there a conflict in the facts as to the place of death. The scene of the alleged shooting was near Pineleand, in Jasper County, South Carolina, about 28 miles from Savannah, Georgia. Savannah is located just across the Georgia-South Carolina boundary line. Sheriff Floyd received a gun shot wound in the abdomen and was alive when placed in an ambulance to be carried to a hospital in Savannah, but was dead upon arrival at the hospital. The only testimony relative to the place of death was that of Reverend J. J. Lemond who rode in the ambulance with the deceased to Savannah. He testified that he examined the pulse of the deceased at frequent intervals after leaving the scene of the crime, that the deceased "stopped breathing" as they approached the town of Hardeville, South Carolina, approximately 13 miles from the Georgia line, and that, while he was not a medial expert, he could feel no pulse after that. The foregoing uncontradicted testimony established the place of death as Jasper County, South Carolina, where the defendant was tried, and left no factual issue relative to the place of death to be submitted to the jury.

While the foregoing disposes of the issue raised by the exception of the defendant, his contention cannot be sus-

tained for the additional reason that there was no material issue in the trial as to the place of death. As above pointed out, proof of the place of death had no effect upon the jurisdiction of the court under Section 17-454, *supra,* since it was clearly established that the fatal wounds were inflicted in Jasper County, South Carolina. It was undisputed that the cause of death was the gun shot wound inflicted in Jasper County and that the victim died shortly thereafter from such wound. The identity of Sheriff Floyd as the victim of the assault was not in question. A review of the record shows a total absence of any material issue upon which a finding as to the place of death could be deemed relevant. Under such circumstances, the failure to submit such issue to the jury, even if the testimony were in conflict thereabout, could have in no way prejudiced the defendant in his defense. *State v. Gregg, supra,* 230 S. C. 222, 95 S. E. (2d) 255. See also: *State v. Carrier,* 235 Ind. 456, 134 N. E. (2d) 688, 59 A. L. R. (2d) 896.

While only one exception has been filed in this appeal, the extent of our review of the record is not so limited in a death case. It is well settled that, where the death penalty is involved, it is our duty to search the record for prejudicial error, even though not made a ground of appeal. We have in accord with the foregoing rule reviewed the record and have reached the conclusion that the defendant, diligently represented by counsel appointed to defend him, received a fair and impartial trial, and we find no prejudicial error. The record affords abundant evidence to warrant the verdict returned by the jury.

Affirmed.

TAYLOR, C. J. and MOSS, BUSSEY and BRAILSFORD, J J., concur.