## 18957

The STATE, Respondent, v. Louis BOSTICK, Appellant.

(169 S. E. (2d) 608)

*Messrs. Matthew J. Perry,* of Columbia, *Charles E. Washington, Jr.,* of Beaufort, and *Gary D. Brown, Albert Ritter* and *J. J. McKellar,* all of Ridgeland, *for Appellant,*

*Messrs. Randolph Murdaugh, Solicitor,* and *Randolph Murdaugh, III,* of Hampton, *for Respondent,*

Sept. 2, 1969.

BRAILSFORD, Justice.

In 1962 Louis Bostick was convicted of murder and sentenced to death by electrocution. At the time of the homicide, which occurred in a wooded area of Jasper County, Bostick was seventeen years of age, and the victim was sheriff of the county. On appeal to this court, the conviction was sus-

tained. *State v. Bostick,* 243 S. C. 14, 131 S. E. (2d) 841 (1963). We also sustained a judgment of the circuit court denying *habeas corpus* relief to Bostick. *Bostick v. State,* 247 S. C. 22, 145 S. E. (2d) 439 (1965). However, the United States Supreme Court granted *certiorari* and reversed the judgment of this court. *Bostick v. South Carolina,* 386 U. S. 479, 87 S. Ct. 1088, 18 L. Ed. (2d) 223 (1967). Upon his retrial in February, 1968, Bostick was again convicted of murder but was recommended to mercy and sentenced to life imprisonment. He again appeals to this court.

The appellant first charges that the court erred in refusing to stand aside a juror who stated on his *voir dire* examination that he had formed an opinion adverse to appellant "on the basis of street talk." The court carefully, and at length, examined the juror who responded, in effect, that he could lay the opinion which he had formed aside and, without being influenced by it, reach a verdict according to the evidence, that he was willing to go by the testimony presented in court and not be influenced by anything else, that he had no bias or prejudice in the case and could give the State and the defendant a fair and impartial trial.

It is well settled that Section 38-202, Code of 1962, vests the power in the trial judge to determine the competence and indifference of jurors in any case, and his decision thereabout will not be reversed on appeal unless it is without support in the evidence or is influenced by error of law. *State v. Johnson,* 248 S. C. 153, 149 S. E. (2d) 348 (1966), and decisions therein cited. On this record, the issue as to the challenged juror's competency was clearly one of fact, and the conclusion of the trial judge was amply supported by evidence.

The appellant next contends that the court erred in allowing evidence as to the conduct of certain bloodhounds, which were brought to the scene shortly after the homicide by the witness James Brice, trainer and handler of bloodhounds for the South Carolina Law Enforcement

Division. The only objection to this evidence interposed at the trial was that it was irrelevant, and this was likewise the error assigned by the only exception touching the point. This exception has been waived by failure to argue it in appellant's brief. Instead, it is urged that the testimony concerning the conduct of the dogs "violated appellant's right to be confronted by the witnesses against him" as provided by both the state and federal constitutions. Not having been presented to the lower court nor raised by an exception on this appeal, this question is not properly before us. We add that the point is without merit. The trainer was the witness, not the dogs. *State v. Brown,* 103 S. C. 437, 88 S. E. 21 (1916); 22A C. J. S. Criminal Law, § 646 (1961).

The defendant next challenges as error the admission in evidence of a written confession signed by him and the admission of testimony as to certain oral admissions made by him while in custody. All of the assignments of error concerning the admission of this evidence are of the same tenor, *i.e.,* "the error being that said statement, if made, was made prior to the appointment of an attorney to represent appellant and its use as evidence violated the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 5, 17, and 18, Constitution of South Carolina." The premise of these exceptions does not support the conclusion that the use of appellant's inculpatory statements as evidence violated his constitutional privileges.

This case was first tried in 1962, and the standards promulgated in *Miranda v. Arizona,* 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed. (2d) 694 (1966), are not applicable. *Jenkins v. Delaware,* 395 U. S. 213, 89 S. Ct. 1677, 23 L. Ed. (2d) 253 (1969). There was abundant evidence that before the appellant was questioned, and before he made any admission, he was advised that he did not have to make any statement, that anything he said could be used as evidence against him, that he had the right to consult a lawyer, that his parents would be sent for if he desired to see

them, and that, at least by *pre-Miranda* standards, the written and oral confessions and admissions were freely and voluntarily made. The trial judge did not err in so concluding.

Finally, the defendant charges that the court erred in admitting into evidence a cap, of unusual type, and a rifle which were found by James Brice as he and the bloodhounds followed a trail leading from the scene of the homicide through the woods and along a freshly plowed fire break. The rifle and cap were identified by the defendant as belonging to him. There was other evidence which tended to confirm this admission. The rifle was identified by a ballistic expert as the death weapon. The error assigned by the exceptions touching the point is that the exhibits were "irrelevant and prejudicial to the defendant." There is no merit here.

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and George Bell Timmerman, Jr., Acting J., concur.