21966

The STATE, Respondent, v. Bernie J. E. DINGLE, Appellant.

(306 S. E. (2d) 223)

*Betty M. Sloan,* Columbia and *C. Rauch Wise,* Greenwood, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Martha L. McElveen,* Columbia and *Sol. William T. Jones,* Greenwood, *for respondent.*

July 28, 1983.

LITTLEJOHN, Justice:

Appellant Bernie J. E. Dingle (Appellant) was tried, convicted, and sentenced to life for the murder of his estranged wife. He has appealed, alleging several errors on the part of the trial court. We affirm.

The dead body of Appellant's wife was found in her nurses' dormitory quarters in Greenwood on October 8, 1981. She had apparently been dead since the previous day as the result of four gunshot wounds inflicted by a .22 caliber weapon.

The Appellant was arrested and charged with murder on October 12, 1981. Pursuant to an *ex parte* order of the court, he was committed to the South Carolina State Hospital for evaluation. This order was stayed by Associate Justice Julius B. Ness of the Supreme Court of South Carolina on October 21, 1981.

On October 30, 1981, the State, after notice, moved to have the defendant examined for fifteen days to determine competency to stand trial. The trial court ordered him committed in order to determine: (1) competency to stand trial; and (2) sanity at the time of alleged crime. Notice of intent to appeal this order was filed November 3, 1981. On November 12, 1981, the State, by letter, withdrew its request for the examination thereby making that appeal moot. The Appellant was indicted on November 9, 1981, and called to trial on November 11, 1981. A Motion for Continuance was denied.

This couple had been living apart for approximately one year. Appellant resided in Columbia, while his wife lived in Greenwood, some seventy miles away. Various neighbors of Mrs. Dingle testified that they saw Appellant in the vicinity of her apartment on the night of her death, that they heard Appellant arguing with the deceased and heard loud noises in

the apartment. It was the Appellant's testimony that he was not in Greenwood nor did he see his wife on the date of her death.

## I.

The first question presented on appeal is whether the commitment of a person accused of murder to the custody of the South Carolina Department of Mental Health by trial judge pursuant to the *Code of Laws of South Carolina* (1976), as amended, § 44-23-410 may be appealed.

Appellant asserts that the trial court in his murder trial lacked subject matter jurisdiction to proceed to a verdict in his case. His argument is based on the automatic stay provision of Supreme Court Rule 41, Section 1 A, which he claims went into effect November 2, 1981, when he filed a Notice of Intent to Appeal from the order of the trial judge committing him to the state mental hospital for evaluation.

We hold that the order is interlocutory in nature and thus not appealable. Since the order is not appealable until final judgment is rendered, the trial court had continuing jurisdiction over the subject matter of the case.

In addition, when the request for an examination was withdrawn, the Appellant prevailed, making the appeal moot.

## II.

Appellant next argues that the trial judge abused his discretion in failing to grant his motion for a continuance. The basis of the motion for continuance was that defense counsel had been given inadequate time to prepare.

The granting of a motion for continuance is a matter within the trial court's discretion. *State v. Pendergrass*, 270 S. C. 1, 239 S. E. (2d) 750 (1977). The discretion of the trial court will not be disturbed absent a showing of abuse thereof. *State v. Hill*, 268 S. C. 390, 234 S. E. (2d) 219 (1977) *cert. den.*, 434 U. S. 870, 98 S. Ct. 211, 54 L. Ed. (2d) 147.

Appellant's trial counsel was retained on October 19, 1981. According to the affidavit of Appellant's counsel, after two trips to the South Carolina Department of Mental Health in Columbia, South Carolina, for evaluation purposes, Appellant was permanently returned to Greenwood, South Carolina on or about November 5, 1981. Appellant was granted a prelimi-

nary hearing on November 6, 1981. Motions were heard November 9-11, 1981, and Appellant's case was called for trial November 11, 1981.

The record further indicates that the facts of this case were not unusually complex. Further, as in *State v. Vaughn*, 268 S. C. 119, 232 S. E. (2d) 328, 329 (1977), the "appellant has not demonstrated anything that could have been used in his defense that was not employed by counsel. No showing is made of other evidence which could have been produced on additional points raised if a continuance had been granted."

The record does not support a charge of abuse of discretion and no showing of prejudice to the Appellant has been made. Accordingly, we overrule the exception.

### III.

The contention that the judge erred in failing to quash the indictment because allegedly the coroner's inquest hearing was tainted is patently without merit.

### IV.

Appellant also alleges that the trial court erred in holding that the Appellant's preliminary hearing was improper. The basis of Appellant's argument is that the testifying police officer was not involved in the investigation of the crime and arrived with only enough knowledge to establish probable cause.

Appellant relies on prior opinions of this Court which state in dicta that the purpose of a preliminary hearing is to apprise the defendant of the nature of the State's evidence. He contends that the hearsay evidence given by the police officer is beyond that contemplated by the Court in *State v. Thompson*, 276 S. C. 616, 281 S. E. (2d) 216 (1981) and *State v. Jones*, 273 S. C. 723, 259 S. E. (2d) 120 (1979) and thus impermissible.

The Appellant errs in his analysis by interpreting these opinions too broadly. Although it is generally correct to state that the purpose of a preliminary hearing is to "apprise the defendant of the nature of the State's evidence", its purpose is more specifically ". . . to establish that probable cause exists to continue the criminal process. The State has the burden of proving probable cause, but is not required to call all of its potential witnesses." *State v. Cun-*

*ningham,* 275 S. C. 189, 268 S. E. (2d) 289 (1980). To this end, we have previously held that hearsay testimony as to the nature of the State's evidence is permissible.

■ The following facts were presented at the preliminary hearing by the testifying officer:

(1) the approximate time of death;
(2) the cause of death;
(3) that the defendant had been seen at the scene of the crime on the night of the murder;
(4) that he was seen entering the victim's room with a black attache case just prior to witnesses hearing several loud noises which they described as "thuds";
(5) that the victim had told another person that she expected the defendant to visit her on the evening in question and that she intended to tell him that she was proceeding with her plan to divorce him;
(6) that police investigation had revealed that the defendant owned or had owned the type of weapon used in the murder; and
(7) that ammunition of the same make as used in the crime had been found in the defendant's possession.

It is clear from the foregoing that the Appellant was properly and adequately apprised of the nature of the State's evidence and that probable cause to continue the criminal proceedings against him was established. We therefore hold that the trial judge did not err in ruling the preliminary hearing proper.

## V.

Appellant took exception to the trial judge's failure to excuse for good cause three (3) jurors who stated they were related by blood or marriage to members of the City of Greenwood Police Department. Appellant claims that the relationships in question subjected these jurors to preconceived notions and could have made them privy to private information concerning the case.

■ At trial, the judge questioned these jurors as to their prior knowledge of the case. The jurors each answered affirmatively to questions concerning impartiality, absence of preconceived notions, and ability to give all parties a fair trial.

The question of the impartiality of a juror is addressed to the sound discretion of the trial court and will not be reversed on appeal if there is any evidence to support the judge's decision. *DeLee v. Knight,* 266 S. C. 103, 221 S. E. (2d) 844, *cert. den.,* 426 U. S. 939, 96 S. Ct. 2658, 49 L. Ed. (2d) 392 (1975); accord, *State v. Bostick,* 253 S. C. 205, 169 S. E. (2d) 608 (1969); *State v. Johnson,* 248 S. C. 153, 149 S. E. (2d) 348 (1966); and *State v. Young,* 238 S. C. 115, 119 S. E. (2d) 504 (1961). Where jurors unequivocally state that a fair trial can be given, there is no abuse of discretion in the trial court's decision to qualify those jurors. *State v. Johnson, supra.*

There is no rule of law in this state that a juror must be automatically disqualified on account of his relationship by blood or marriage to a member of the Sheriff's force or the police department. *State v. Gulledge,* 277 S. C. 368, 287 S. E. (2d) 488 (1982), *State v. Cook,* 204 S. C. 295, 28 S. E. (2d) 842 (1944).

We find no abuse of discretion.

## VI.

Next, Appellant argues that Federal .22 caliber bullets seized during a lawful search of his apartment pursuant to a search warrant should have been suppressed. We disagree.

The search warrant specified that "a Harrison and Richardson .22 caliber revolver pistol, a pair of khaki colored . . . pants, and a khaki colored . . . shirt" were to be seized.

During the course of the search, one of the police officers found and seized two boxes of .22 ammunition marked Federal, some of which was later introduced into evidence over defense counsel's objection.

The substance of Appellant's allegation of error is that the ammunition should not have been seized because it was not "particularly" described in the search warrant in violation of his Fourth Amendment rights. He asserts that the officer who seized the ammunition entered the home with knowledge of its existence and a plan to seize it if found, although it was not listed on the warrant. The officer's testimony at trial does not support this allegation.

The officer repeatedly testified that he entered the Appellant's residence in search of the Harrison and Richardson .22 caliber revolver listed in the warrant. He admitted that he had been given information by SLED ballistics personnel that

the ammunition used in the murder was manufactured by Federal and was .22 caliber. He specifically denied that he entered the residence in search of the ammunition or that he knew or even believed the ammunition was there.

In order for evidence to be seized under the plain view exception to the search warrant requirement, three things must generally be shown: (1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the seizing authorities. *See generally, Coolidge v. New Hampshire*, 403 U. S. 443, 91 S. Ct. 2022, 29 L. Ed. (2d) 564 (1971); *State v. Williams*, 55 Ohio St. (2d) 82, 9 Ohio Op. 3d 81, 377 N. E. (2d) 1013; and *U. S. v. Roberts*, 619 F. (2d) 379 (CA5 1980).

If the ammunition had been found in the chamber of a pistol, it would hardly be argued that the bullets could not be seized under the "pistol" search warrant. The relationship between pistol and bullet is such that seizure of the bullets would be expected and required. The Fourth Amendment protects against "unreasonable searches and seizures". There was nothing unreasonable about the taking of the .22 caliber ammunition here.

Upon the officer's uncontradicted testimony at trial, we, therefore, hold that the Federal .22 caliber ammunition was lawfully seized under the plain-view doctrine.

## VII.

The ninth exception interposed by the Appellant is as follows:

It is respectfully submitted that the Court erred in admitting into evidence through witnesses statements of the deceased, the error being that these statements were hearsay, in violation of Defendant's rights as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 14, of the South Carolina Constitution.

Rule 4, Section 6 of this Court requires that each exception contain a concise statement of one proposition of law and generalizations are not permitted. In *State v. Chasteen*, 242 S. C. 198, 130 S. E. (2d) 473 (1963), we held that vague and

general exceptions raise no issue reviewable by this Court. In *Solley v. Weaver*, 247 S. C. 129, 146 S. E. (2d) 164 (1966), we said:

> We have held in many cases that every ground of appeal ought to be so distinctly stated that the Court may at once see the point which it is called upon to decide without having to "grope in the dark" to ascertain the precise point at issue. The object of an exception is to present some distinct principal or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed. *Hewitt v. Reserve Life Ins. Co.*, 235 S. C. 201, 110 S. E. (2d) 852; *Fruehauf Trailer Co. v. McElmurray*, 236 S. C. 141, 113 S. E. (2d) 756.

While an appropriate issue has not been properly preserved, we have, however, considered the argument of counsel, both orally and in brief, and find the same to be without merit.

## VIII.

Next, Appellant argues that a statement given by Sylvia Jean Berry to her roommate should have been excluded when objected to as hearsay. She testified to having seen the Appellant on the night of his wife's death (October 7th) and testified to having said to a friend: "There goes the voodoo man." This statement by this witness who testified in court simply does not meet the definition of hearsay. The statement was properly admitted. We also hold that introduction of the calendar into evidence does not meet the hearsay requirement. It was not presented for the purpose of proving the truthfulness of the matter thereon written.

## IX.

Did the trial court's apparent *ex parte* acceptance of citations of case law prior to trial deny Appellant effective assistance of counsel?

During the trial, Appellant's counsel objected to certain statements of the deceased as being hearsay. At one point, the trial judge overruled an objection and stated, "I am satisfied as to his proposition. I've researched it and I am satisfied."

The trial judge later stated generally that he had been "handed some cases" on hearsay. Appellant now argues this implied an improper *ex parte* communication within the meaning of Supreme Court Rule 33, Code of Judicial Conduct, Canon 3 A.(4) and further, had the effect of denying him effective assistance of counsel under Article I, Section 14, of the South Carolina Constitution and the Fourteenth Amendment of the United States Constitution.

We have, in this Opinion, earlier ruled that the alleged hearsay statements were admissible. Appellant has not, therefore, suffered any prejudice due to an alleged improper *ex parte* communication between the trial court and the solicitor's office. This exception is, therefore, without merit.

### X.

Did the trial court err in failing to charge the jury on the law of manslaughter?

Appellant contends that the trial court erred in refusing to charge voluntary manslaughter as a lesser included offense. Manslaughter is defined as the unlawful killing of a human being in a sudden heat of passion upon a sufficient legal provocation. *State v. Norris*, 253 S. C. 31, 168 S. E. (2d) 564 (1969); *State v. Harvey*, 220 S. C. 506, 68 S. E. (2d) 409 (1951).

It is well settled in this state that the law to be charged is determined from the evidence presented at trial. Where the evidence does not support a conviction for a lesser offense, the trial court is not required to instruct the jury on the lesser degree of the crime charged. *State v. Linder*, 276 S. C. 304, 278 S. E. (2d) 335 (1981); *State v. Rogers*, 275 S. C. 485, 272 S. E. (2d) 792 (1980).

In this case, there is no evidence to support a claim of legal provocation. It was murder or nothing.

Having found all exceptions without merit, the conviction and sentence are affirmed.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.